UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ACUITY, A MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.

RIVERDALE PACKAGING CORPORATION,

    Serve Registered Agent:
    William H. Nottke, Jr.
    11027 Chateau Chura Drive
    St. Louis, Missouri 63128

and

LORA PROPERTY INVESTMENTS, LLC

    Serve Registered Agent:
    Bill Nottke
    7301 Hazelwood Avenue
    Hazelwood, Missouri 63042

and

WOMBAT ACQUISITIONS LLC,

    Serve Registered Agent:
    Paracorp Incorporated
    2140 S Dupont Hwy
    Camden, Delaware 19934

    Defendants.

Case No.: _____

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Acuity, a Mutual Insurance Company ("Acuity"), by and through its undersigned counsel of record, and pursuant to 28 U.S.C. § 2201, and for its Complaint for Declaratory Judgment against Defendants Riverdale Packaging ("Riverdale Packaging"), Lora Property Investments, LLC ("Lora Property"), and Wombat Acquisitions LLC ("Wombat Acquisitions"), states as follows:

### Parties, Jurisdiction, & Venue

1. Plaintiff Acuity is a foreign insurance company authorized to conduct business in Missouri, existing under the laws of Wisconsin with its principal place of business in Sheboygan, Wisconsin, such that it is a citizen of the State of Wisconsin.

2. Riverdale Packaging is a Missouri corporation with its principal place of business in St. Louis, Missouri, such that it is a citizen of the State of Missouri.

3. Lora Property Investments, LLC is a Missouri limited liability company with its principal place of business in Hazelwood, Missouri, such that it is a citizen of the State of Missouri.

4. Wombat Acquisitions is a foreign company authorized to conduct business in Missouri, existing under the laws of Delaware with its principal place of business in Raleigh, North Carolina.

5. This action is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs and the action is between citizens of different states, in that: (1)

Plaintiff Acuity is a citizen of Wisconsin, (2) Defendant Riverdale Packaging is a citizen of Missouri, and (3) Defendant Wombat Acquisitions is a citizen of Delaware.

6. This action is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 2201(a) because this complaint seeks a judicial declaration of the rights, status, and legal relations of and among the parties regarding a contract of insurance and because an actual case and controversy of a justiciable nature exists among the parties.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this dispute occurred within this federal judicial district.

8. Pursuant to 28 U.S.C. § 1391(2), venue is proper in the Eastern Division of the Eastern District because a substantial part of the events or omissions giving rise to the claim occurred in St. Louis City County, which is in that judicial venue.

## Facts Common to All Counts

9. Acuity issued Commercial Property Policy No. ZS1914, with effective dates of September 20, 2023, to August 22, 2024, ("the Policy") to insured to Riverdale Packaging.

10. The Policy listed Lora Property Investments, LLC as an additional named insured.

11. Upon information and belief, Lora Property Investments, LLC is a holding company for a building located at 4501 Gustine Avenue, St. Louis, Missouri 63116 (the "Building").

12. The Policy provided, among other things, property damage coverage for the Building.

13. The Policy contains the following language:

**COMMON POLICY CONDITIONS**

All Coverage Parts included in the policy are subject to the following conditions.

[...]

**F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent [...].

[...]

14. On or about January 20, 2024, a portion of the roof of the Building collapsed due to rain, causing damage to the structure.

15. On or about January 21, 2024, Riverdale Packaging reported the claim to Acuity, which Acuity assigned the claim number SG6882 (the "Claim").

16. Since that time, Acuity has worked with the owner of its named insured, Riverside Packaging, to remediate and repair the property damage in accordance with the terms of the policy.

17. To date, Acuity has paid approximately $1,050,974.97 on the Claim, with a balance of $128,159.30 remaining on the repair estimate.

18. On April 30, 2024, Acuity was notified by Riverdale Packaging that it would likely be selling the Building.

4

19. On May 16, 2024, Lora Property and Wombat Acquisitions entered into an Insurance Benefits Assignment Agreement ("Assignment Agreement"), effective June 11, 2024, which purported to assign all rights, titles, and interests to the insurance benefits held by Riverdale Packaging's, including, the Policy and Claim, to Wombat Acquisitions.

20. Acuity did not provide verbal or written consent to the Assignment Agreement.

21. On information and belief, Wombat Acquisitions is wholly owned subsidiary of All States Equity Group.

22. Beginning on or about June 15, 2024, a representative of All States Equity began contacting Acuity directly about the claim.

23. The representative claimed Wombat now had the status of an insured by virtue of the assignment. He began making numerous demands under the policy, and threatening Acuity with litigation.

24. All States Equity further stated that it had its own general contractor that would be performing repairs associated with the Claim.

25. On August 3, 2024, Acuity received an appraisal demand from All States Equity in the amount of $9,519,891.86.

## COUNT I: DECLARATORY JUDGMENT

26. Plaintiff Acuity incorporates above paragraphs 1 through 24 as if fully set forth herein.

27. Because Lora Property did not obtain prior written consent from Acuity for the Assignment Agreement, that agreement was executed in violation of a clear and unambiguous term of the Policy.

28. Because it constitutes a violation of the Policy terms, and because Acuity is not a party thereto, the Assignment Agreement is void and unenforceable against Acuity.

29. Because the Assignment Agreement is void and unenforceable against Acuity, Acuity owes no obligations, contractual or otherwise, to Wombat Acquisitions in connection with the Claim.

WHEREFORE, Plaintiff Acuity, a Mutual Insurance Company respectfully requests this Court's judgment in favor of Acuity, a Mutual Insurance Company and against all defendants on Count I of this Complaint for Declaratory Judgment, along with the following declaration of this Court:

(1) The purported assignment of the Claim from Lora Property to Wombat Acquisitions, without Acuity's prior approval, was a violation of the terms of the Policy;

(2) Acuity does not owe, and has never owed Wombat Acquisitions or All States Equity, any contractual duties under the Policy, including any duties associated with the Claim; and

(3) For such additional relief as the Court deems appropriate under these circumstances.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC

*/s/ James R. Jarrow*
James R. Jarrow           38686MO
Michael W. Shunk         43841MO
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Tel: (816) 471-2121
Fax: (816) 472-0288
jarrow@bakersterchi.com
mshunk@bakersterchi.com

**ATTORNEYS FOR PLAINTIFF ACUITY, A MUTUAL INSURANCE COMPANY**