UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Case No.:  4:24-cv-01277 ) ) |
| v. | ) ) |
| RIVERDALE PACKAGING CORP., et al. | ) ) |
| Defendants. | ) |

## JOINT ANSWER OF DEFENDANTS RIVERDALE PACKAGING CORPORATION AND LORA PROPERTY INVESTMENTS, LLC TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Riverdale Packaging Corporation ("Riverdale") and Lora Property Investments, LLC ("Lora") (together with Riverdale as "Defendants"), by and through their undersigned counsel, for the Answer to Plaintiff Acuity, A Mutual Insurance Company's ("Acuity") Amended Complaint (the "Complaint"), state as follows:

**Parties, Jurisdiction & Venue**

1. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint and therefore deny the same.

2. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint and therefore deny the same.

3. Defendants admit the averments contained in Paragraph 3 of the Complaint.

4. Defendants admit the averments contained in Paragraph 4 of the Complaint.

5. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint and therefore deny the same.

6. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint and therefore deny the same.

7. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants admit the averments contained in Paragraph 8 of the Complaint.

9. Defendants state that the averments contained in Paragraph 9 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

10. Defendants admit the averments contained in Paragraph 10 of the Complaint.

11. Defendants admit the averments contained in Paragraph 11 of the Complaint.

**Facts Common to All Counts**

12. Defendants admit the averments contained in Paragraph 12 of the Complaint.

13. Defendants admit the averments contained in Paragraph 13 of the Complaint.

14. Defendants admit the averments contained in Paragraph 14 of the Complaint.

15. Defendants admit the averments contained in Paragraph 15 of the Complaint.

16. Defendants admit the averments contained in Paragraph 16 of the Complaint.

17. Defendants admit that they suffered a casualty entitling them to coverage under the insurance policy identified in the Complaint, but deny that the casualty was solely caused by rain and therefore denied all other averments contained in Paragraph 17 of the Complaint.

18. Defendants admit the averments contained in Paragraph 18 of the Complaint.

19. Defendants admit the averments contained in Paragraph 19 of the Complaint.

20. Defendants admit the averments contained in Paragraph 20 of the Complaint.

21. Defendants admit the averments contained in Paragraph 21 of the Complaint.

22. Defendants admit the averments contained in Paragraph 22 of the Complaint.

23. Defendants admit the averments contained in Paragraph 23 of the Complaint.

24. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 24 of the Complaint and therefore deny the same.

25. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 25 of the Complaint and therefore deny the same.

26. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 26 of the Complaint and therefore deny the same.

27. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 27 of the Complaint and therefore deny the same.

28. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 28 of the Complaint and therefore deny the same.

### COUNT I: DECLARATORY JUDGMENT

29. Defendants incorporate by reference their above responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Defendants state that the averments contained in Paragraph 30 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

31. Defendants state that the averments contained in Paragraph 31 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

32. Defendants state that the averments contained in Paragraph 32 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants further state that they are a party to this case solely as nominal defendants, and take no position at this time as to whether any party is entitled to a declaration in this case.

Respectfully submitted:

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By:  /s/ *Zachary R. McMichael*
Zachary R. McMichael, #68251(MO)
Elizabeth W. McKown, #73484(MO)
8182 Maryland Ave., Fifteenth Floor
St. Louis, Missouri 63105
(314) 721-7701 (telephone)
(314) 721-0554 (facsimile)
mcmichael@capessokol.com
mckown@capessokol.com

*Attorneys for Defendants Riverdale Packaging Corporation and Lora Property Investments, LLC*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on this 7th day of November, 2024.

 /s/ *Zachary R. McMichael*