IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY<br><br>      Plaintiff,<br><br>v.<br><br>LORA PROPERTY INVESTMENTS, LLC et Al.<br><br>      Defendants. | Case No: 4:24-cv-01277 |

## DEFENDANT WOMBAT ACQUISITIONS, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

COMES NOW Defendant Wombat Acquisitions, LLC ("Wombat"), by and through their undersigned attorney, and for their Motion to Dismiss pursuant to Rule 12(b)(6)[1], states and alleges as follows:

1. Defendant Acuity, A Mutual Insurance Company's ("Acuity") Amended Complaint asserts requests declaratory relief concerning an insurance policy. [Doc. 9]

2. Defendant Acuity's contention is that the policy at issue contains the following provision:

   **COMMON POLICY CONDITIONS**
   All Coverage Parts included in the policy are subject to the following
   conditions.
   [...]
   **F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**
   Your rights and duties under this policy may not be transferred without our written consent [...].
   [...]

---

[1] Defendant Wombat sought leave by consent to file its responsive pleading within 30 days on October 17, 2024.

    [Doc. 9 at 3-4, ¶ 16]

3. Plaintiff Acuity asserts that a covered loss occurred at a property located at 4501 Gustine Avenue on or around January 20, 2024 following a roof collapse. [Doc. 9 at 4, ¶¶17-18].

4. Following said loss, on or around June 11, 2024, Plaintiff Acuity asserts that Defendant Lora Property entered into a written agreement with Defendant Wombat that purported to assign all rights, titles and interests to the insurance benefits held by Riverdale Packaging, including the Policy and Claim, to Wombat Acquisitions.

5. Under Missouri law, the typical rule is that language in an insurance policy prohibiting an assignment without the assent of the issuing company is enforceable. *See e.g. Smith v. R.B. Jones of St. Louis, Inc.,* 672 S.W.2d 185, 186 (Mo. App. E.D. 1984).

6. However, an exception to that rule occurs when an insured makes an assignment after a loss has occurred. *Bowden v. Am. Mod. Home Ins. Co.*, 658 S.W.3d 86, 92 (Mo. Ct. App. 2022) (internal citations omitted). Missouri law deems such a post loss assignment of benefits to not violate any policy provision purporting to limit the same because the loss has already been fixed. *Id.*

7. Defendant Wombat incorporates by reference its Memorandum of Law in Support of its Motion to Dismiss for Failure to State a claim, attached to this Motion as Exhibit 1.

WHEREFORE, Defendant Wombat Acquisitions LLC prays the Court enter judgement in its favor, dismissing with prejudice Plaintiff Acuity, A Mutual Insurance Company's claims, and for such further relief as may be just and proper under the premises.

        Respectfully Submitted,

        **Ott Law Firm**

        */s/ Joseph A. Ott*
        Joseph A. Ott, #67889
        Mark E. Blankenship Jr., #73123
        3544 Oxford Blvd
        Maplewood, MO 63143
        Telephone: (314) 293-3756
        Facsimile: (314) 689-0080
        joe@ott.law
        mark@ott.law
        *Attorneys for Defendant*
        *Wombat Acquisitions, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on this 18th Day of November, 2024.

        */s/ Joseph A. Ott*