IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY<br><br>    Plaintiff,<br><br>v.<br><br>LORA PROPERTY INVESTMENTS, LLC et Al.<br><br>    Defendants. | Case No: 4:24-cv-01277 |

**DEFENDANT WOMBAT ACQUISITIONS, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

  Plaintiff Acuity, a Mutual Insurance Company's ("Acuity's") First Amended Complaint fails to state a claim upon which relief can be granted because the anti-assignment policy provision in question is not implicated when a loss has already occurred. Under applicable Missouri law, a policy provision purporting to limit the assignment of benefits under an insurance policy has no impact on such an assignment after a loss has occurred because the insurer's liability under the policy has already been fixed.[1]

1. <u>Plaintiff Acuity's First Amended Complaint does not raise their right to declaratory relief above a speculative level.</u>

  When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A plaintiff need not provide specific facts in support of his

---

[1] *Bowden v. Am. Mod. Home Ins. Co.,* 658 S.W.3d 86, 92 (Mo. Ct. App. 2022), *reh'g and/or transfer denied* (Nov. 17, 2022), *transfer denied* (Jan. 31, 2023).

allegations. *Erickson v. Pardus,* 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). But the plaintiff "must include sufficient factual information to provide 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir.2008). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). This requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Id.* at 562, 127 S.Ct. 1955 (quoted case omitted). The standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the claim. *Id.* at 556, 127 S.Ct. 1955.

In order to bring their right to relief above a speculative level, Plaintiff Acuity would be required to plead facts demonstrating they have some legal basis for their claimed declaratory relief. But, as described below, Acuity cannot do so because applicable Missouri law holds that an assignment that occurs following a loss does not implicate any purported any assignment provision because liability under the policy has already been fixed.

2. <u>An insurance policy provision restriction assignment of the benefits under the policy is unenforceable after a loss has already occurred.</u>

Defendant Acuity's contention is that the policy at issue contains the following provision:

> **COMMON POLICY CONDITIONS**
> All Coverage Parts included in the policy are subject to the following
> conditions.

2

> [...]
> **F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**
> Your rights and duties under this policy may not be transferred without our written consent [...].
> [...]

[Doc. 9 at 3-4, ¶ 16]

Plaintiff Acuity asserts that a covered loss occurred at a property located at 4501 Gustine Avenue on or around January 20, 2024 following a roof collapse. [Doc. 9 at 4, ¶¶17-18]. Following said loss, on or around June 11, 2024, Plaintiff Acuity asserts that Defendant Lora Property entered into a written agreement with Defendant Wombat that purported to assign all rights, titles and interests to the insurance benefits held by Riverdale Packaging, including the Policy and Claim, to Wombat Acquisitions. [Doc. 9 at 4 ¶ 22].

In *Bowden v. American Modern Home Insurance Company,* the Missouri Court of Appeals reiterated long standing Missouri public policy against enforcement of post-loss assignment of benefits provisions. *Bowden* at 92. In that case, an insured's covered property was destroyed in a fire. *Id*. at 90. Seven months later, the insured sold the property to a Bank. *Id.* The insurance company refused to honor the Bank's claims under the policy, denying coverage for each. *Id.*

Reiterating longstanding Missouri law, the Court of Appeals affirmed the trial court's denial of the insurance company's motion for summary judgement. *Id.* at 92. Like in this case, the insurance company in *Bowden* established that a loss had occurred; that the policy at issue contained a provision that purported to limit the ability of the insured to contractually assign benefits under the policy to a third party purchaser of the underlying asset in the absence of the insurance company's consent; and, that the insurance company has subsequently refused to pay

3

benefits under that policy. *Id*.

Like in this case, the Court of Appeals in *Bowden* made clear that the insurance company could not establish any right to judgement solely upon the basis that insured had not obtained the insurance company's assent to the assignment. Following the reasoning in *Magers v. Nat'l Life & Acc. Ins. Co.,* 329 S.W.2d 752 (Mo. 1959), *Bowden* reaffirms the longstanding Missouri rule that post loss assignments of benefits under an insurance policy do not implicate provisions purporting to limit assignments because, after a loss, the insurance company's liability has already been fixed.

                                                                                                                                                                                            Respectfully Submitted,

**Ott Law Firm**

*/s/ Joseph A. Ott*
Joseph A. Ott, #67889
Mark E. Blankenship Jr., #73123
3544 Oxford Blvd
Maplewood, MO 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Defendant*
*Wombat Acquisitions, LLC*

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on this 18th Day of November, 2024.

                  */s/ Joseph A. Ott*