UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> RIVERDALE PACKAGING CORPORATION, <br><br> and <br><br> LORA PROPERTY INVESTMENTS, LLC <br><br> and <br><br> WOMBAT ACQUISITIONS LLC, <br><br> Defendants. | Case No.: 4:24-cv-01277 |

**PLAINTIFF ACUITY'S RESPONSE TO DEFENDANT WOMBAT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

COMES NOW plaintiff Acuity, by and through counsel, and pursuant to Local Rule 4.01(B), submits the following memorandum in opposition to defendant Wombat's motion to dismiss for failure to state a claim.

## Introduction

The following is a summary of facts alleged in Acuity's First Amended Complaint. When considering a motion to dismiss, "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable." *Data Mfg., Inc. v. United*

*Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (citations and quotation marks omitted).

Riverdale Packaging Corporation ("Riverdale") is a manufacturer of cardboard packaging products. Through the spring of 2024, it operated out of a building located at 4501 Gustine Avenue ("the Building"). The Building was owned by a separate holding company, Lora Property Investments ("Lora Property"), which had common ownership with Riverdale.

Riverdale is the named insured on an Acuity policy insuring the company's commercial property, including the Building. Lora Property is an additional named insured on that policy. The policy provides, "[the insured's] rights and duties under this policy may not be transferred without our written consent."

On January 20, 2024, a portion of the roof of the Building collapsed due to rain. After Riverdale reported the claim to Acuity, Acuity began the process of investigating the loss, remediating water damage, and repairing structural damage. To date, Acuity has paid approximately $1,050,974.97 on the claim, with a balance of $128,159.30 remaining on the repair estimate.

In early May 2024, Lora Property sold the building to Wombat and entered into a separate assignment agreement purporting to assign all rights and interests in the insurance claim to Wombat. Acuity did not consent to the assignment.

On August 3, 2024, Acuity received an appraisal demand from Wombat's parent company in the amount of $9,519,891.86.

The issue raised by Acuity's complaint for declaratory judgment is whether the anti-assignment clause in the policy is valid and enforceable such that it precludes the

2

purported assignment of claim benefits entered between Riverdale/Lora and Wombat. By its motion to dismiss, Wombat contends this issue has been settled by a 2022 Missouri Court of Appeals decision out of the Southern District. As set forth below, however, the above-referenced case is distinguishable on its face from the case at bar—and applying it here would work an injustice on the plaintiff in denying it the freedom to contract.

**Argument and Authorities**

### A. Legal Standard for Motion to Dismiss

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555 & n.3. <u>See also</u> *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted). On a motion to

3

dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

The Declaratory Judgment Act provides "in a case of actual controversy within its jurisdiction,…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Declaratory Judgment Act's requirement of an 'actual controversy' is no more than a recognition that the Constitution limits the exercise of judicial power to 'cases' and 'controversies' in the constitutional sense." *Sherwood Med. Indus., Inc. v. Deknatel, Inc.*, 512 F.2d 724, 726 (8th Cir. 1975). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941).

**B.**     ***Bowden* is Distinguishable**

In its motion, Wombat relies on *Bowden v. Am. Mod. Home Ins. Co.*, 658 S.W.3d 86, 92 (Mo. App. S.D. 2022) for the proposition that the assignment of benefits in an insurance policy is valid, even in the face of policy language that expressly prohibits the assignment. However, this reading of the case casts the net too wide.

The *Bowden* case is factually distinguishable from the case at bar because, there, the property that was the subject of two insurance claims was completely destroyed by fire. The buyers of the property sought to enforce the assignment of both a

4

homeowners' policy and a mortgage security policy. While the *Bowden* court does not state the amount or value of the claim, it can fairly be assumed that the amount was fixed, either by the stated limits of insurance for dwelling coverage, or by virtue of some prescribed method of calculating the damages for a total loss.

This assumption is reasonable in light of the *Bowden* court's heavy reliance on *Magers v. Nat'l Life & Accident Ins. Co.*, 329 S.W.2d 752 (Mo. banc 1959), which involved claims for the cash surrender value of 12 life insurance policies. In *Magers* the total amount of the claims, i.e., $342.22, was liquidated down to the penny. Under those facts, the *Magers* court concluded the assignment of claims was valid notwithstanding the anti-assignment language because "the company's liability had become fixed." *Id.* at 756 citing *National Life & Acci. Co. v. Magers*, 319 S.W.2d 53, 56 (Mo. App. 1958). Given that the *Bowden* court's reliance on the *Magers* case was based on the rationale that the post-loss claim was "fixed", it is beyond safe to assume that the value of the claim in *Bowden* was also, in fact, fixed.

Here, on the other hand, the insurance benefit Wombat seeks to acquire is a property damage claim for a building that *is not* a total loss. Because the building is not a total loss, the value of the claim is not liquidated, or "fixed." To the contrary, as Acuity's complaint alleges, the value of the claim is somewhere between $1,179,134.27 and $9,519,891.86, depending on which party's estimate is to be believed. This gap of $8,340,757.59 is a conclusive indication that the value of this claim is decidedly *not* "fixed".

5

Because the value of this claim is not fixed, it is factually distinguishable from *Bowden* and the fundamental rationale of that decision does not apply. Since *Bowden* is not controlling, there is no reason—either legally or factually—to completely disregard the clear and unambiguous anti-assignment language of the insurance agreement between Acuity and Riverdale/Lora. If the policy language is enforced as written, the attempted assignment of insurance benefits to Wombat is not valid and Acuity's request for declaratory relief should be granted. See *High Life Sales Co. v. Brown-Forman Corp.*, 823 S.W.2d 493, 496 (Mo. 1992) ("Missouri has a strong public policy of encouraging freedom of contract and enforcing the parties' agreement so long as the agreement is not unfair or unreasonable.")

As set forth above—which is merely a preview of Acuity's forthcoming motion for summary judgment—the facts alleged by Acuity, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Hence, Acuity has stated a viable claim and Wombat's motion should be denied.

WHEREFORE, for the foregoing reasons, plaintiff Acuity respectfully requests this Court's order denying Acuity's motion to dismiss, and for such additional relief as the Court deems appropriate under the circumstances.

6

Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC

  /s/ Michael Shunk
James R. Jarrow MO # 38686
Michael W. Shunk MO # 43841
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Tel: (816) 471-2121
Fax: (816) 472-0288
jarrow@bakersterchi.com
mshunk@bakersterchi.com

ATTORNEYS FOR PLAINTIFF ACUITY,
A MUTUAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on November 26, 2024.

/s/ Michael Shunk
