UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:24-cv-01277-MTS ) ) |
| LORA PROPERTY INVESTMENTS, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT WOMABT ACQUISITIONS' MOTION TO DISMISS**

Plaintiff Acuity, a Mutual Insurance Company, ("Acuity") requests that the Court enter a declaration to overrule clearly established Missouri state law construing insurance policy anti-assignment policies after an event causing a loss has occurred. Acuity's response invents a completely new theory of Missouri case law involving assignment of claims where an event giving rise liability has occurred. There is no legal support for their position, no relief that can be granted their Complaint, and so their First Amended Complaint should be **dismissed** with prejudice.

**1. Clearly established Missouri law makes the question of the value of a claim irrelevant to whether an insurer's obligation to pay pursuant to a policy is "fixed," and therefore whether the policy holder may assign the claim.**

Defendant's position is that *Bowden* can be distinguished because, in *Bowden* "…i*t can be fairly assumed* that the value of the lost was fixed…" That "assumption" has absolutely no

1

textual support from that case.[1] Even if it did, whether the value of a loss is "fixed" is a question about the extent of liability, not about the obligation to pay under the contract. In fact, the Missouri Court of Appeals in *Bowden* unambiguously rejects the position that a dispute in valuation prevents a liability from being "fixed", following clearly established Missouri Supreme Court precedent and holding that:

> "As a general rule, an assignment made by the insured *after the event has occurred on which liability under an insurance policy is predicated* does not violate a policy provision prohibiting assignment of the policy or its benefits."[2]

There is no uncertain language suggesting in any manner that the language of *Bowden* does not apply in a situation in which the value of a claim remains disputed. On the contrary, once the obligation to pay is fixed, the amount at issue for the purpose of the *Bowden* analysis is not relevant. *Bowden* follows Missouri law established by *Magers. Nat'l Life & Accident* that the once the event that causes liability has *already occurred*, the liability of the insurance company for the loss at issue is "fixed," and the anti-assignment language is not implicated. No case law supports in any way Acuity's speculative plea for declaratory relief that would in effect overrule 50 years of established Missouri law concerning this precise issue.

The *Bowden* opinion expressly considers and rejects the argument that a dispute as to value precludes a finding that liability for the insurance company has accrued. In *Bowden,* Defendant American Home Insurance Company relied upon the argument that a Note Purchase

---

[1] *Bowden v. Am. Mod. Home Ins. Co.,* 658 S.W. 3d 86, 92 (Mo. App. S.D. 2022); See also Plaintiff's Reply Memorandum in Opposition to Defendant's Motion to Dismiss, Doc. 32 at 5. Emphasis mine.

[2] *Bowden* at 92 citing to *Magers v. Nat'l Life & Accident Ins. Co.*, 329 S.W.2d 752, 756 (Mo. banc 1959). Emphasis mine.

Agreement at issue did not transfer to the Plaintiff's there "the right to receive the proceeds" from the policy at issue.[3] Defendant's argument in *Bowden* is that Plaintiff-Assignee Bowden's claim had **<u>no value</u>** as to the Plaintiff-Assignee– that American Family was "…devoid of any obligation to cover Plaintiffs' loss." Likewise, the question in *Bowden* was exactly what value was owed to the Plaintiff-Assignee – something, or nothing.

Plaintiff Acuity's Petition makes the **<u>exact same argument</u>**. Plaintiff Acuity's argument here about a factual question over the value of the claim is a distinction without a difference – Plaintiff Acuity's claim is that because Acuity disputes how much they must pay, their liability is not "fixed," so Defendant Wombat as assignee has no right to recover money from them. But Plaintiff Acuity has admitted that their liability within the meaning of *Maegers* has already "fixed", in virtue of their payments under the policy already as described in their First Amended Complaint. *Bowden*, incorporating the Missouri Supreme Court's ruling in *Maegers*, expressly rejects Acuity's contested value argument and affirmatively provides that the liability for the claim is "fixed" at the time the loss occurs:

> "The insurer's **obligations are fixed at the time the loss occurs, and the insurer is obligated to cover the loss agreed to under the terms of the policy.** This obligation is not altered when the claimant is not the party who was originally insured. After the loss, the anti-assignment clause serves only to limit the free assignability of claims, which is not favored by the law, and such restrictions on an insured's right to assign its proceeds are generally rendered void."[4]

2. **Freedom to contract favors enforcement of the assignment at issue.**

---

[3] *Bowden* at 94.
[4] *Bowden v. Am. Modern Home Ins. Co.*, 658 S.W.3d 86, 94 (Mo.App. S.D. 2022); *See also* See Lee R. Russ & Thomas F. Segalla, *3 Couch on Insurance 3d,* § 35:7 (2005); Richard A. Lord, *29 Williston on Contracts* § 74:22 (4th ed.); 44 Am Jur.2d Insurance § 787.

3

Acuity urges that Missouri public policy strongly favors freedom to contract.[5] But that Missouri's public policy regarding the ability to assign claims after the event that triggers coverage also serves strong Missouri public policy. *Bowden* and *Maegers*, expressly affirms the freedom of policy holders to contract to allow another to collect their claim.[6]

The *Maegers* case concerned 12 policies of life insurance that had cash surrender values that had lapsed owing to default of policy premium payments.[7] At trial, the Plaintiff-Assignee adduced evidence that each of the individual policy claimants had made an attempt at collecting the cash surrender value of the policies from the insurance company, which had been rejected by the insurance company.[8] The Plaintiff-Assignee's suit maintained that the cash-surrender value of the premiums was still in dispute, although later at trial entered into a stipulation that the Defendant-Insurance Company's assessment of the value was correct.[9]

*Maegers* held that the policy provision at issue purporting to prevent assignment under the terms of the insurance did not in any way implicate the assignment that occurred at all, because the event giving rise to the loss had already occurred. "As a general rule, an assignment made by the insured after the event has occurred on which liability under an insurance policy is predicated does not violate a policy provision prohibiting assignment of the policy or its benefits."[10]

Contrary to Acuity's policy argument regarding freedom of contract, the Supreme Court in *Maegers* – as followed by *Bowden* and by *Shawver* – holds that an insurance policy

---

[5] Plaintiff's Reply Memorandum in Opposition to Defendant's Motion to Dismiss, Doc. 32 at 6.
[6] *Bowden* at 92; *Magers v. Nat'l Life & Accident Ins. Co.*, supra at 756.
[7] *Maegers* at 753.
[8] *Maegers* at 754.
[9] *Id.*
[10] *Magers* at 756.

4

prohibition on assignment of benefits is not implicated at all by a post-loss assignment. Rather a the insured's right to assign the benefits of the contract would be jeopardized by enforcing the provision. Such post-loss assignment of benefits cannot be construed to be prohibited by any policy provision purporting to limit the same, because the loss has already occurred. *Maegers* therefore holds that "…there is no valid reason why an insured, having decided to surrender his policy, cannot authorize some other person to make the collection of the cash value and surrender the policy."[11]

Acuity's reliance on freedom of contract principles seems ill advised in an effort to limit the enforcement of a freely negotiated contract between the defendants.. *Maegers* has already answered the question Plaintiff Acuity urge this court to, with reference to favoring freedom to contract on behalf of the insured. *Maegers* and *Bowden* both hold that there is no valid reason to prohibit the assignment of a claim after an event giving rise to a loss has already occurred, and the policy holder ought as a matter of public policy have the right to contract with another to collect when liability under the policy has already accrued.

3. ***Maegers* rejected Plaintiff Acuity's argument that all facts relevant to value of a claim under must be certain before an obligation to pay is absolute for the purpose of post-loss assignment of benefits.**

The *Maegers* opinion expressly contemplated and rejected the precise argument that Plaintiff Acuity urges this court to adopt – that the failure of Plaintiff Acuity to agree on the claim's value means that "liability has not been fixed." Acuity urges that liability cannot be 'fixed' unless the total value of the claim is known.

But, *Maegers* rejected the argument made by the insurance company that uncertainty

---

[11] *Maegers*, supra at 756; *see also Shawver v. Shawver*, 372 S.W.2d 916, 917 (Mo. 1963).

about other predicate facts precluded liability being 'fixed.' There the insurance company urged that until all predicate facts underlying a payment obligation were absolutely resolved, the obligation to pay was not "fixed" and the policy provision prohibiting assignment was in force. *Maegers* held instead the obligation to pay is 'fixed' at the time the loss occurs and the insured can demand payment, without regard for the impact of other policy provisions.

In the *Maegers* case the Defendant insurance company urged that because the insureds at issue had not had made written application for the surrender value in conformance with the letter of the policy, nor had any of them surrendered physical copies policies at issue, the "chose in action" – i.e., the right to bring a lawsuit under the policy – had not yet accrued, and therefore the loss was not 'fixed' such that the claim could be assigned in spite of policy language prohibiting the same.[12] Because such "chose in action" had not accrued, the assignment could not be made. Therefore, the Defendant-Insurance company argued that the policy prohibition against assignment was still in effect at the time the assignment agreement was executed, and the assignment was therefore invalid.

*Maegers* holds instead that liability is 'fixed once [the] obligation to pay is absolute.'[13]

The benefit the insured had paid for with their policy premium in *Maegers* included the right to exercise the option of surrendering the policy to demand cash-value. Once "a sufficient demand had been made to satisfy the policy condition and to render the cash value due and payable,"[14] the requirement that the insurance company pay was 'fixed' and the anti-assignment clause was no longer implicated. Other policy provisions conditioning the payment obligation on other facts still undecided was not relevant in the context of the policy provision purporting to

---

[12] *Id.*
[13] *Maegers* at 756-757.
[14] *Maegers* at 756.

restrict assignment of the claims. 'Fixed' meant the requirement that the insurance company pay under the policy because a covered event had occurred, and nothing else.

Plaintiff Acuity urges that because the exact amount of their liability has not yet been 'fixed,' the purported anti-assignment clause is still applicable. Acuity urges like the Defendant-Insurer in *Maegers* that the right to payment is not 'fixed' because interpretation of the policy at issue might limit the extent of liability. But *Maegers* provides for the contrary, relying upon Mo. Rev. Stat. § 507.010 to uphold the assignment because claims must be "prosecuted in the name of the real party in interest."[15] The assignment had already been completed, and refusing to allow the assignee to bring the claim was and is an untenable outcome.

Plaintiff Acuity's argument repackages the exact same argument rejected by *Maegers*. Because other relevant facts, like value or whether the insured-assignor complied with other policy provisions, remains uncertain, Acuity urges that the claim cannot be assigned.

But the holding in *Maegers* was that once the liability event occurred, such that the "actual party in interest in the claim could demand payment," the obligation to pay was 'fixed' without regard for who that party in interest was. Defendant Wombat already can demand full payment of the claims at issue, and plans to prosecute suit for payment pursuant to Mo. Rev. Stat. § 375.420 whether Acuity's claim is dismissed or not. Acuity's past payments on this claim, as described in their Petition, is a binding judicial admission that it is obligated to pay, and that therefore its liability has been 'fixed.'

The *amount* of the claim may still be subject to litigation, as well as the reason for Plaintiff Acuity's denial of parts of the claim at issue. But that does not change the fact that Plaintiff Acuity had an absolute obligation to pay under the policy that accrued on the date of

---

[15] Mo. Rev. Stat. § 507.010.

loss. That absolute obligation to pay, undisputed by Acuity except as to how much, 'fixed' the claim for purposes of Missouri law concerning post-loss assignment of benefits.

The Court cannot declare otherwise without overturning clearly established Missouri state law. Acuity's claim does not state a claim upon which relief can be granted, cannot do so no matter what facts they allege, and their claim should be dismissed with prejudice.

**Respectfully Submitted,**

**OTT LAW FIRM**

*/s/ Joseph A. Ott*
Joseph A. Ott, #67889
Mark E. Blankenship Jr., #73123
3544 Oxford Blvd
Maplewood, MO 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Defendant*
*Wombat Acquisitions, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on this 9th day of December 2024.

*/s/ Joseph A. Ott*