# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) RIVERDALE PACKAGING ) CORPORATION, *et al.*, ) ) Defendants. ) | Case No. 4:24-cv-01277-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Wombat Acquisitions LLC's Motion to Dismiss for failure to state a claim upon which relief may be granted.  Doc. [31]; *see also* Fed. R. Civ. P. 12(b)(6); *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021) (on motion to dismiss for failure to state a claim, court must accept facts alleged in the complaint as true and draw all reasonable inferences in favor of nonmovant).  The Motion rests entirely on a "general rule" regarding the assignment of an insurance policy.  *See Bowden v. Am. Mod. Home Ins. Co.*, 658 S.W.3d 86, 92 (Mo. Ct. App. 2022) (quoting *Magers v. Nat'l Life & Accident Ins. Co.*, 329 S.W.2d 752, 756 (Mo. banc 1959)) ("As a general rule, an assignment made by the insured after the event has occurred on which liability under an insurance policy is predicated does not violate a policy provision prohibiting assignment of the policy or its benefits.").  In doing so, Defendant's Motion fails to appreciate that, by their very nature, general rules have exceptions.  *See Gracey v. City of St. Louis*, 119 S.W. 949, 950 (Mo. 1909) ("Like all general rules, the one in hand has its exceptions."); *Vogel v. A.G. Edwards & Sons, Inc.*, 801 S.W.2d 746, 757 (Mo. Ct. App.

1990) (explaining same). Defendant's absolutist argument—that Plaintiff cannot state a claim upon which relief can be granted "no matter what facts they allege"—therefore fails. Doc. [33] at 8. *See also Bowden*, 658 S.W.3d at 92 (explaining the party there "failed to make any legal or factual argument" showing why the general rule would not apply).

Because this absolutist argument was Defendant's sole ground for dismissal, Defendant has not established the Complaint's insufficiency. *See Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) ("It is the defendant's burden to establish the complaint's insufficiency."). The Court therefore will deny the Motion, but this denial does not prevent Defendant from, in a future appropriate motion, showing that the general rule at issue applies here given the specific facts of this case. *See Hageman v. Minn. Dep't of Corr.*, No. 22-2098, 2023 WL 4760732, at *1–2 (8th Cir. July 26, 2023) (unpublished per curiam) (recognizing that the differing standards between "dismissal at the summary judgment stage compared to the motion to dismiss stage" often make the "dispositive difference").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wombat Acquisitions LLC's Motion for Extension of Time, Doc. [20], is **GRANTED**.[*]

**IT IS FURTHER ORDERED** that Defendant Wombat Acquisitions LLC's Motion to Dismiss, Doc. [31], is **DENIED**.

---

[*] Defendant's Motion for Extension of Time requested additional time to file a "responsive pleading." Doc. [20]; *see also* Doc. [31] at 1 n.1 (Defendant noting it "sought leave by consent to file its responsive pleading"). Defendant, though, did not file a responsive pleading; it filed a motion under Federal Rule of Civil Procedure 12. *See* Fed. R. Civ. P. 7(a) (providing an exhaustive list of pleadings); *id.* at 7(b) (separately describing motions and other papers); *see also Stringfellow v. Perry*, 869 F.2d 1140, 1143 (8th Cir. 1989) (noting the "answer, not the motion to dismiss, is the responsive pleading"). In addition, Defendant previously disregarded other deadlines set by the Federal and Local Rules and a Court order. *See* Doc. [23]. The Court admonishes Defendant Wombat Acquisitions LLC to carefully heed future deadlines in this matter.

- 3 -

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave to File Sur-Reply, Doc. [34], is **DENIED** as moot.

Dated this 18th day of December 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE