**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) | |
|     Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:24-cv-01277-MTS |
| RIVERDALE PACKAGING CORPORATION, *et al.*, | ) ) ) ) | |
|     Defendants. | ) | |

**ORDER SETTING RULE 16 CONFERENCE**

**IT IS HEREBY ORDERED** that:

1. **Scheduling Conference**: A Scheduling Conference pursuant to Federal Rule of Civil Procedure 16 is set for **Thursday**, **January 09, 2025**, at **1:30 p.m.** in Courtroom 16-South. At the scheduling conference, counsel will be expected to discuss in detail all matters covered by Federal Rule of Civil Procedure 16, as well as all matters set forth in their joint proposed scheduling plan described in paragraph 3, and a firm and realistic trial setting will be established at or shortly after the conference.

2. **Meeting of Counsel**: Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties shall meet to discuss the following:

    a. the nature and basis of the parties' claims and defenses,

    b. the possibilities for a prompt settlement or resolution of the case,

    c. the formulation of a discovery plan,

    d. any issues relating to preserving discoverable information,

    e.  any issues relating to disclosure or discovery of electronically stored information including –

        i.  the form or forms in which it should be produced,

        ii.  the topics for such discovery and the time period for which such discovery will be sought,

        iii.  the various sources of such information within a party's control that should be searched for electronically stored information, and

        iv.  whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information.

    f.  any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the Court to include their agreement in an order,

    g.  other topics listed below or in Federal Rule of Civil Procedure 16 and 26(f).

Counsel will be asked to report orally on the matters discussed at this meeting when they appear before the undersigned for the scheduling conference and will specifically be asked to report on the potential for settlement; whether settlement demands or offers have been exchanged, without revealing the content of any offers or demands; and suitability for Alternative Dispute Resolution.  This meeting is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as descried in paragraph 3 below.

Only one proposed scheduling plan may be submitted in any case, and it must be signed by counsel for all parties.  It will be the responsibility of counsel for Plaintiff to submit the joint proposed scheduling plan to the Court.  If the parties cannot agree as to any matter required to be

contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

3. **Joint Proposed Scheduling Plan**: **Plaintiff** must file the Joint Proposed Scheduling Plan with the Clerk of the Court no later than **Tuesday**, **January 07, 2025**. All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:

| **Track 1: Expedited** | **Track 2: Standard** | **Track 3: Complex** |
| --- | --- | --- |
| *Disposition w/in 12 mos of filing | *Disposition w/in 18 mos of filing | *Disposition w/in 24 mos of filing |
| *120 days for discovery | *180–240 days from R16 Conf for discovery/dispositive motions | *240–360 days from R16 Conf for discovery/dispositive motions |

**The parties joint proposed scheduling plan shall include:**

a. Whether the Track Assignment is Appropriate. This case has been assigned to Track 2: Standard;

b. Dates for joinder of additional parties or amendment of pleadings;

c. A discovery plan including:

   i. any agreed-upon provisions for disclosure or discovery of electronically stored information,

   ii. any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production,

   iii. a date or dates by which the parties will disclose information and exchange documents pursuant to Federal Rule of Civil Procedure 26(a)(1),

   iv. whether discovery should be conducted in phases or limited to certain issues,

    v. dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration as to whether serial or simultaneous disclosure is appropriate in the case,

    vi. whether the presumptive limit of ten (10) depositions per side as set forth in Federal Rule of Civil Procedure 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Federal Rule of Civil Procedure 33(a), should apply in this case, and, if not, the reasons for the variance from the Rules,

    vii. whether any physical or mental examinations of parties will be requested pursuant to federal rule of civil procedure 35 and, if so, by what date that request will be made and the date the examination will be completed,

    viii. a date by which all discovery will be completed. **See applicable track range, Section 3. above.**,

    ix. any other matters pertinent to the completion of discovery in this case,

    x. the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive.

d. Dates for filing any motions to dismiss, motions for summary judgment, or, if applicable, any motion to exclude testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) or *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137 (1999). **See applicable track range, Section 3. above**;

  e. The earliest date by which this case could reasonably be expected to be ready for trial;

  f. An estimate of the length of time expected to try the case to verdict; and

  g. Any other matters counsel deems appropriate for inclusion in the joint proposed scheduling plan.

 **4.** **Disclosure Statements**: All parties are reminded to comply with Local Rule 2.09 regarding Disclosure Statements.

 **5.** **Pro Se Parties**:  If any party appears in this action pro se, such party shall meet with all other parties or counsel, participate in the preparation and filing of a joint proposed scheduling plan, and appear for the scheduling conference, all in the same manner as otherwise required by this Order.

 Dated this 23rd day of December 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE