UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | Case No. 4:24-cv-01277-MTS ) ) |
| LORA PROPERTY INVESTMENTS, LLC, et al., | ) ) ) |
| Defendants. | ) ) |
| WOMBAT ACQUISTIONS, LLC | ) ) |
| Counter-Claim Plaintiff, | ) ) |
| v. | ) ) **JURY TRIAL DEMANDED** |
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) |
| Counter-Claim Defendant. | ) ) |

**ANSWER OF WOMBAT ACQUISITIONS**

**Parties, Jurisdiction, & Venue**

1. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Amended Complaint, and therefore denies the same.

1

3. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Amended Complaint, and therefore denies the same.

4. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Amended Complaint, and therefore denies the same.

5. Wombat Acquisitions **admits** the averments contained in paragraph 5 of the complaint.

6. Wombat Acquisitions is a limited liability company organized under the laws of Delaware and with principle place of business in Raleigh, North Carolina.

7. Wombat Acquisitions **admits** the averments contained in paragraph 7 of the complaint.

8. Wombat Acquisitions **admits** the averments contained in paragraph 8 of the complaint insofar as they pertain only to Plaintiff Acuity's claim for relief pursuant to 28 U.S.C. § 2201(a). Defendant Wombat Acquisitions specifically **denies** that diversity jurisdiction exists over Defendant Wombat Acquisitions counterclaim for vexatious refusal to pay pursuant to Mo. Rev. Stat. § 375.420.

9. Wombat Acquisitions **denies** the averment contained in Paragraph 9 of the Amended Complaint. 28 U.S.C. § 2201(a) does not create subject matter jurisdiction over Plaintiff Acuity's claim for relief. 28 U.S.C. § 2201(a) is a procedural statute that allows the court to issue declaratory judgements

when other grounds for subject matter jurisdiction exist. Wombat Acquisitions avers that the Court should not exercise subject matter jurisdiction over this action, because the exercise of such jurisdiction to effectively overturn decades of clearly established Missouri state law unduly interferes with state court prerogatives and principles of comity.

10. Wombat Acquisitions **admits** the averments contained in paragraph 10 of the complaint.

11. Wombat Acquisitions **admits** the averments contained in paragraph 11 of the complaint.

## Facts Common to All Counts

12. Wombat Acquisitions **admits** the averments contained in paragraph 11 of the complaint.

13. Wombat Acquisitions **admits** the averments contained in paragraph 13 of the complaint.

14. Wombat Acquisitions **admits** the averments contained in paragraph 14 of the complaint.

15. Wombat Acquisitions **admits** the averments contained in paragraph 15 of the complaint.

16. Wombat Acquisitions **admits** the averments contained in paragraph 16 of the complaint.

17. Wombat Acquisitions **admits** the averments contained in paragraph 17 of the complaint.

18. Wombat Acquisitions **admits** the averments contained in paragraph 18 of the complaint.

19. Wombat Acquisitions **denies** the averments contained in paragraph 19 of the complaint.

20. Wombat Acquisitions **denies** the averments contained in paragraph 20 of the complaint.

21. Wombat Acquisitions **admits** the averments contained in paragraph 21 of the complaint.

22. Wombat Acquisitions **admits** the averments contained in paragraph 22 of the complaint.

23. Wombat Acquisitions **admits** the averments contained in paragraph 23 of the complaint.

24. Wombat Acquisitions **denies** the averments contained in paragraph 24 of the complaint.

25. Wombat Acquisitions **admits** the averments contained in paragraph 25 of the complaint.

26. Wombat Acquisitions **admits** that a representative from Wombat contacted Acuity on June 15, 2024, and made demands for payment under the policy. Wombat Acquisitions **denies** any other averment contained within paragraph 26.

27. Wombat Acquisitions **admits** that it retained a contractor to perform the repairs. Wombat Acquisitions denies all other averments contained within paragraph 27.

28. Wombat Acquisitions **denies** the averments contained in paragraph 28 of the complaint. Wombat Acquisitions demand was for $9,250,277.77 under the appraisal, and included an additional amount for the installation of a temporary roof that would facilitate limited use of the facility while undertaking complete repairs.

## COUNT I: DECLARATORY JUDGEMENT

29. Defendant Wombat Acquisitions incorporates by reference their above responses to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Defendant states that the averments contained in Paragraph 30 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

31. Defendant states that the averments contained in Paragraph 30 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

32. Defendant states that the averments contained in Paragraph 30 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant Wombat Acquisitions, LLC ("Wombat") and for it's affirmative defenses to Plaintiff Acuity, A Mutual Insurance Company's ("Acuity") Amended Complaint, states and alleges as follows:

33. Defendant Wombat incorporates by reference their answers and replies to Plaintiff Acuity's Amended Complaint as if set forth fully herein.

34. At all times relevant to the case, Defendant Wombat and Co-Defendants Lora Property Investments LLC and Riverdale Packaging Company LLC acted in full and complete compliance with all applicable terms and conditions for making a claim under the policy at issue.

35. Plaintiff Acuity's Amended Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) in that the requested declaration beneficial to Plaintiff Acuity is barred by clearly established Missouri law concerning post-loss assignments of benefits and does not fit within any exception to that general rule.

36. Plaintiff Acuity's request for declaratory relief is barred by the doctrine of unclean hands in that Plaintiff Acuity has acted vexatiously and without cause to deny Defendant Wombat's claim in violation of Missouri law.

37. Plaintiff Acuity's request for declaratory relief is effectively an affirmative defense to Defendant Wombat's counterclaim Complaint for vexatious refusal to pay, a Missouri state law cause of action, and therefore fails to state a claim upon which relief can be granted or in the alternative that the court should abstain from deciding.

38. Plaintiff Acuity's request for declaratory relief is a request that the court overturn clearly established Missouri state law, and the Court should abstain from the exercise of subject matter jurisdiction notwithstanding the effect of Defendant Wombat's counterclaim below.

39. To the extent that Defendant Wombat can sustain a counterclaim against Plaintiff Acuity, the parties are non-diverse and the court is without subject matter jurisdiction for this matter.

40. Plaintiff Acuity's requested relief is barred by the doctrines of waiver and estoppel. Plaintiff Acuity had actual knowledge of the proposed sale well in advance of its occurrence and made no effort to prevent the sale, and Defendant Lora Investment and Defendant Wombat relied upon this representation to their detriment.

41. Defendant Wombat acted at all times in due care, with the good faith and in the absence of malice or ill will.

42. Defendant Wombat provides notice to the court that it intends to rely upon the statutory protections applicable to first party claimants described at Mo. Rev. Stat. § 375.420 and Mo. Rev. Stat. §§ 375.1000 – 375.1018.

43. Plaintiff Acuity's claims are frivolous, unreasonable and wholly without merit, justifying the award of attorney's fees to Defendant Wombat Acquisitions.

44. Defendant Wombat Acquisitions denies each and every averment of Plaintiff Acuity's Amended Complaint not specifically admitted in its Answer.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant Wombat moves this Honorable Court for its Order of Dismissal with Prejudice at Plaintiff's cost, and for any further relief deemed just and reasonable under the circumstances.

**COUNTER-CLAIM OF WOMBAT ACQUISTIONS, LLC**

COMES NOW, Defendant and Counter-Claim Plaintiff Wombat Acquisitions LLC ("Wombat"), and for its Counter-Claim against Plaintiff and Counter-Claim Defendant Acuity, A Mutual Insurance Company ("Acuity") states and alleges as follows:

<u>Parties and Jurisdiction</u>

1. This Court has jurisdiction over this counterclaim solely because of 28 U.S.C. § 1367. Jurisdiction exists now only because Plaintiff and Counter Claim Defendants Acuity have asserted a claim pursuant to 28 U.S.C. § 2201(a) requesting declaratory relief.

2. This action is a direct action against an insurance company within the meaning of 28 U.S.C. § 1332(c)(1), and to the extent Co-Defendant Lora Property Investments LLC has been joined as a necessary party, the parties are non-diverse.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the acts or omissions to the transactions at issue occurred in St. Louis, Missouri.

<u>Facts</u>

4. On or around September 20, 2023, William Nottke, as president and owner of Riverdale Packaging Corporation, was issued insurance policy ZS1914 by Counter Claim Defendant Acuity (the "Policy"). The Policy was active until August 22, 2024.

5. Riverdale Packaging Co. owned the building located at 4501 Gustine Avenue, St. Louis, Missouri 63116 ("Covered Property").

6. The Policy provided for a declared coverage limit of $9,852,586 dollars for the Covered Property.

7. The Policy provided that:

   **A. COVERAGE**
   We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

8. On January 20, 2024, the Covered Property suffered catastrophic damage because of a roof collapse.

9. On January 21, 2024, in full compliance with all requirements described in the Policy, William Nottke provided notice to Counter Claim Defendant Acuity Insurance Company of the damage caused by the roof collapse.

10. Acuity Insurance Company accepted the claim, and proceeded to pay $1,050,974.97 towards the claim for limited repairs to address immediate safety concerns with the building as a result of the roof collapse, all issued to Co-Defendant Riverdale Packaging Company ("Riverdale").

11. Acuity's payments on the claim prior to the sale from Riverdale to Wombat were made for very limited repairs to the Covered Property. However, the contracted work prior to the sale would not remedy the dramatic structural problems with the building caused by the roof collapse in a manner suitable to allowing Wombat to rent the property to a tenant.

12. In fact, the damage to the Gustine property was so extensive that it would require reconstruction of the roofing system and substantial repairs to structural components of the building.

13. The gap between what Acuity would cover and what the building needed as a result of the roof collapse was part of the reason that William Nottke elected to sell the property to Wombat.

14. On or around May 17, 2024, Riverdale (together with co-Defendant Lora Property Investments, LLC) entered into a sale contract regarding the Covered Property.

15. As part of the deal, and in consideration of a payment and other covenants from Wombat, Riverdale Packaging transferred and sold the Covered Property to Wombat.

16. In addition, Riverdale Packaging executed an assignment of benefits assigning to Wombat all of Riverdale's right, title and interest to the Insurance Benefits applicable to the Covered Property.

17. Following the closure of the sale on or around June 11, 2024, Riverdale and Wombat provided notice to Counter-Claim Defendant Acuity of the post-loss assignment of benefits related to the Covered Property.

18. On June 15, Wombat through their agent Michael Paul emailed Acuity's adjuster Dave Jostes regarding the post-loss assignment of benefits, and requested that all payments and communications concerning the policy be directed to Wombat.

19. Wombat's June 15 email provided notice to Acuity that, in order to have the Covered Property properly repaired, Wombat would install a temporary roof over the property before allowing their a commercial contractor to proceed with a permanent repair.

20. On June 20, Acuity provided notice that they would not provide any payments with, nor discuss the claim or any particulars of the repairs, with Wombat in virtue of the following policy provision:

> **F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**
> Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.
>
> If you die, your rights and duties will be transferred to your legal representative, but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

21. Counter-Claim Plaintiff Wombat provided notice to Acuity of the impossibility of enforcing the policy language to prevent a post-loss

11

assignment of benefits after the event on which liability under an insurance policy is predicated in light of the Missouri court of appeals decision in *Bowden v. Am. Mod. Home Ins. Co.*, 658 S.W.3d 86 (Mo. Ct. App. 2022), reh'g and/or transfer denied (Nov. 17, 2022), transfer denied (Jan. 31, 2023),

22. Nevertheless, Acuity persisted in their denial of the claim. In fact, Acuity even refused to appoint an independent appraiser panel for the damage to the property at issue, despite receiving signed notice for the same from William Nottke on behalf of Riverdale consistent with all Policy requirements.

23. Acuity even attempted to reach out and negotiate directly with William Nottke, after he had executed the assignment of benefits and with the intention of forcing him to resolve the claim for substantially less than it was worth.

24. Plaintiff Wombat sent their final estimate of damages to the property to Acuity on or around August 3, 2024. The demanded amount corresponded the actual cash value for the Covered Property pursuant to the terms of the Policy, and totaled $9,250,277.77.

25. To date, Acuity has provided payments totaling $1,050,974.97 on the claim, an amount substantially less than that required under the terms of the policy.

26. Acuity acted at all times during the claims handling at issue with actual knowledge that the post-loss assignment of benefits at issue was enforceable in spite of policy language purporting to be contrary.

27. Acuity acted with malice toward Counter Claim Plaintiff Wombat, which purchased the right to the claim under a lawful transaction for the mutual benefit of itself and Co-Defendant William Nottke.

## COUNT 1: VEXATIOUS REFUSAL TO PAY

COMES NOW Counter-Claim Plaintiff Wombat Acquisitions LLC, and for its claim of vexatious refusal to pay, states and alleges as follows:

28. Plaintiff Wombat incorporates by reference the preceding 23 paragraphs of its Counterclaim Complaint.

29. On June 12, 2024, following the closing of the sale of the Covered Property from Riverdale to Wombat, Wombat held all rights and benefits under the Policy issued by Counterclaim Defendant Acuity.

30. On that day, Wombat assumed and Riverdale relinquished to Wombat all rights and duties under the policy at issue, including the right to bring suit pursuant to Mo. Rev. Stat. § 375.420 and the protections afforded all Missouri citizens against unfair claims practices described at Mo. Rev. Stat. §§ 375.1000 – 375.1018 and associated implementing regulations.

31. Mo. Rev. Stat. § 375.1007(4), (5), (7), (12) and (15) provide that the following are improper claims practices:

a. (4): Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

b. (5): Compelling insureds or beneficiaries to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

c. (7): Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed and communicated to the insurer;

d. (12): Failing in the case of claims denial or offers of a compromise settlement to promptly provide a reasonable and accurate explanation of the basis for such actions;

e. (15): Failing to promptly settle claims where liability has become reasonably clear under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

32. Defendant Acuity engaged in unfair claims settlement practices by:

a. (4): Knowingly relying upon an incorrect interpretation of applicable Missouri law to deny payment for covered losses to Wombat;

b. (5): Offering $8,199,302.80 less than the actual value of the claim;

    c. (7): Failing to affirm coverage of claims following Riverdale's post-loss assignment to Wombat;

    d. (12): Failing to offer a compromise settlement supported by an independent appraiser panel, despite being request to do so both by Riverdale and Wombat;

    e. (15): Failing to effect settlement of the claims at issue by making lowball offers, and in addition, by forcing Wombat to litigate their state law claim for vexatious refusal in federal court by styling an affirmative defense as an ask for declaratory relief.

33. All of the above improper claims practices, make plain that Acuity has violated Mo. Rev. Stat. § 375.420 by forcing Acuity to file suit to recover the $8,199,302.80 still outstanding on the claim.

34. Acuity has acted vexatiously in their refusal to pay on the claim in at least the following ways:

    a. Refusing to honor valid claims for covered losses caused by the roof collapse submitted by Wombat without reviewing the supporting documentation;

    b. Falsely representing that Wombat could not purchase the post-loss assignment of benefits from Riverdale, in spite of the plain authorization to do so under pertinent Missouri law;

    c. Conversely, falsely representing to Co-Defendant Riverdale that it could not sell the dilapidated and wholly unusable building and

15

  associated insurance claim at issue to Counter-Claim Plaintiff Wombat in spite of the precarious financial position Riverdale was put in by Acuity's deliberate undervaluation of the covered loss;

d. Willfully refusing to appoint an independent appraiser panel to assess the value of the claim despite being requested by Wombat and separately by Riverdale;

e. Refusing to communicate directly with Wombat regarding the claim, including by directly reaching out to Riverdale and deliberately misrepresenting applicable Missouri law for assignments of benefits; and,

f. Such further acts as may be revealed during the course of discovery.

35. As a result of the forgoing willful, intentional and vexatious acts of Counterclaim Acuity, Counterclaim Plaintiff Wombat has suffered significant loss. Plaintiff Wombat has been unable to rent the property at issue, and even to get it repaired to a suitable condition. Wombat has incurred attorney's fees and costs in defense in prosecution of their counterclaim.

WHEREFORE, Counterclaim Plaintiff Wombat Acquisitions LLC humbly prays this Honorable Court enter judgement in its favor, for its costs and attorney's fees associated with the prosecution of their Counterclaim, and for penalty damages to be assessed against Counterclaim Defendant Acuity, A Mutual

Insurance Company pursuant to Mo. Rev. Stat. § 375.420, and for such further relief as may be just and proper under the premises.

>Respectfully Submitted,
>
>**OTT LAW FIRM**
>
>_____/s/ Joseph A. Ott_____
>Joseph A. Ott, #67889
>3544 Oxford Blvd
>Maplewood, MO 63143
>Telephone: (314) 293-3756
>Facsimile: (314) 689-0080
>joe@ott.law
>*Attorney for Defendant*