UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RIVERDALE PACKAGING CORPORATION,<br><br>and<br><br>LORA PROPERTY INVESTMENTS, LLC<br><br>and<br><br>WOMBAT ACQUISITIONS LLC,<br><br>　　　　Defendants. | Case No.: 4:24-cv-01277 |

**AMENDED JOINT PROPOSED SCHEDULING PLAN**

All parties, by and through counsel, and pursuant to ¶ 3 of the Court's Order Setting Rule 16 Conference, submit the following Joint Proposed Scheduling Plan.

　　a.  The parties agree that the track assignment (Track 2 - Standard) is appropriate;

　　b.  Dates for joinder of additional parties or amendment of pleadings: **April 4, 2025**

　　c.  Discovery Plan

　　　　i. ESI.  The parties do not anticipate the need for discovery of ESI in connection with the declaratory judgment action. The parties do anticipate the need for

ESI in connection with Defendant/Counter-plaintiff Wombat's counterclaim. If the claim is not resolved by the May 31 mediation (or after the Court rules on the parties' cross-motions for summary judgment), the Parties shall submit within 15 days a proposed ESI order to the Court following conference between the parties.

  ii.  Privilege/Protective Orders. The parties agree it is appropriate to enter into an agreed protective order for commercially sensitive information.

  iii.  Date for Rule 26 disclosures: **January 28, 2025** (if discovery is bifurcated as proposed below, these will be limited to the issues raised by the complaint for declaratory judgment.)

  iv. Phasing of discovery:

The parties agree that discovery shall be conducted in a bifurcated manner, with discovery during the first phase concerning communications with Serve-Pro, communications between Acuity and Riverdale Property Corporations and/or Lora Property Investments, an inspection of the Gustine property, and a deposition of the lead adjuster on the file occurring prior to the mediation scheduled before **May 31, 2025**.

The parties agree that any additional discovery related to defendant Wombat's vexatious refusal claim take place in a second, subsequent phase.

Plaintiff/Counter-defendant Acuity has proposed that Phase 2 of discovery would proceed (if necessary) after the Court rules on the parties' cross-motions for summary judgment on the issue raised by the declaratory judgment action.

Wombat has proposed that Phase 2 of discovery would proceed if mediation fails. Wombat contends that it would be procedurally unfair to rule on a summary judgment

2

motion only for Acuity's declaratory judgment action, because, Wombat contends, that declaratory judgment action is identical to Acuity's affirmative defense to Wombat's vexatious refusal action.

      v. Experts. The parties agree to the following deadlines:

Plaintiff Designates by **June 1, 2025**

Plaintiff Produces by **July 1, 2025**

Defendants Designate by **July 20, 2025**

Defendants produce by **August 25, 2025**

      vi. Presumptive Discovery Limits:  The parties agree they should apply.

      vii. Physical or mental examinations of parties: N/A

      viii. Date for Completion of Discovery.

The parties agree to a discovery deadline of **August 29, 2025.**

      ix. any other matters pertinent to the completion of discovery in this case: N/A

      x. the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive. The parties agree to conduct a mediation on or before **May 31, 2025**, and prior to engaging in discovery relating to the second phase of the action as described above.

    d. Dates for filing any motions to dismiss, motions for summary judgment, or, if applicable, any motion to exclude testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, or *Kuhmo Tire Co. v. Carmichael.*

If discovery is bifurcated in the manner proposed by the plaintiff, the plaintiff proposes **April 25, 2025,** for any motions related to declaratory judgment action, and (if necessary) motions related to Wombat's counterclaim would be keyed to date of court order on cross motions for summary judgment.

If discovery is bifurcated in the manner proposed by Wombat, the Parties agree that any Motion for Summary Judgement shall be submitted on or before **September 19, 2025**.

e. The earliest date by which this case could reasonably be expected to be ready for trial:  **April 6, 2026**

f. An estimate of the length of time expected to try the case to verdict:  5 days.

g. Any other matters counsel deems appropriate for inclusion in the joint proposed scheduling plan:  N/A

        Respectfully submitted,

        BAKER STERCHI COWDEN & RICE LLC

/s/ Michael W. Shunk
James R. Jarrow          #38686
Michael W. Shunk         #43841
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
Fax: (816) 472-0288
jarrow@bakersterchi.com
mshunk@bakersterchi.com
**Attorneys for Plaintiff Acuity, A Mutual Insurance Company**

and

4

        CAPES, SOKOL, GOODMAN & SARACHAN, PC

        /s/ Zachary R. McMichael
        Zachary R. McMichael    #68251
        Elizabeth W. McKown    #73484
        818 Maryland Ave., Fifteenth Floor
        St. Louis, MO 63105
        (314) 721-7701
        mcmichael@capesokol.com
        mckown@capessokol.com
        **Attorneys for Defendant Riverdale/Lora**

        and

        OTT LAW FIRM

        /s/ Joseph A. Ott
        Joseph A. Ott    #67889
        3544 Oxford Blvd.
        Maplewood, MO 63143
        (314) 293-3756
        joe@ott.law
        **Attorney for Defendant Wombat**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on January 10, 2025.

        /s/ Michael Shunk