UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | |
| RIVERDALE PACKAGING CORPORATION, | Case No.: 4:24-cv-01277 |
| and | |
| LORA PROPERTY INVESTMENTS, LLC | |
| and | |
| WOMBAT ACQUISITIONS LLC, | |
| Defendants. | |

**PLAINTIFF ACUITY'S ANSWER TO DEFENDANT WOMBAT'S COUNTERCLAIM**

COMES NOW plaintiff Acuity, by and through counsel, and pursuant to Local Rule 12(a)(1)(B), and submits the following answer to Defendant Wombat's Counterclaim.

**Parties and Jurisdiction**

1. The answering party admits the allegations in paragraph 1.

2. In response to paragraph 2, the answering party denies the contention that the parties are non-diverse. Nevertheless, the answering party does not contest this Court's jurisdiction over the counterclaim.

3. The answering party admits the allegations in paragraph 3.

## Facts

4. The answering party admits the allegations in paragraph 4.

5. In response to paragraph 5, upon information and belief, the subject building was owned by defendant Lora Property Investments, LLC. However, both Riverdale Packaging Co. and Lora Property Investments, LLC are identified as named insureds under the subject policy. Otherwise, it denies the remaining averments in Paragraph numbered 5.

6. The answering party denies the allegations in paragraph 6.

7. The answering party admits the allegations in paragraph 7.

8. In response to paragraph 8, the answering party admits that the "Covered Property" sustained damage when a portion of the roof collapsed. The answering party denies the remaining allegations in paragraph 8.

9. In response to paragraph 9, the answering party admits that William Nottke provided notice of the claim on January 21, 2024, but denies the remaining allegations in paragraph 9.

10. In response to paragraph 10, the answering party admits that it acknowledged the claim and paid more than $1 million towards remediation and repair but denies the remaining allegations in paragraph 10.

11. In response to paragraph 11, the answering party admits that it paid for limited repairs—and that it was prepared to pay for additional repairs—but denies the remaining allegations in paragraph 11.

12. The answering party denies the allegations in paragraph 12.

13. The answering party is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies same.

14. The answering party is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies same.

15. The answering party is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 15, and therefore denies same.

16. The answering party is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies same.

17. The answering party denies the allegations in paragraph 17 to the extent it is suggested there was a valid assignment of benefits related to the subject property.

18. In response to paragraph 18, the answering party generally admits that the described communication took place but denies the suggestion that there was a valid assignment of benefits under the policy.

19. The answering party admits the allegation in paragraph 19.

20. The answering party admits the allegation in paragraph 20.

21. In response to paragraph 21, the answering party generally admits the described communication took place but denies the accuracy of the communication.

22. The answering party denies the allegations in paragraph 22.

23. The answering party denies the allegations in paragraph 23.

24. In response to paragraph 24, the answering party admits that a final estimate of damages was sent but denies that it corresponded with any term of the subject policy.

25. The answering party denies the allegations in paragraph 25.

26. The answering party denies the allegations in paragraph 26.

27. The answering party denies the allegations in paragraph 27.

**Count I: Vexatious Refusal to Pay**

28. In response to paragraph 28, the answering party incorporates by reference its above responses to paragraphs 1 through 27.

29. The answering party denies the allegations in paragraph 29.

30. The answering party denies the allegations in paragraph 30.

31. Paragraph 31 and all subparts constitute a statements of law, which are denied to the extent they deviates in any way from the actual law of Missouri on the subject.

32. The answering party denies the allegations in paragraph 32, including all subparts.

33. The answering party denies the allegations in paragraph 33.

34. The answering party denies the allegations in paragraph 34, including all subparts.

35. The answering party denies the allegations in paragraph 35.

**Affirmative Defenses**

1. Wombat's counterclaim fails to state a claim upon which relief can be granted.

2. Counterclaim plaintiff Wombat lacks standing to assert a claim for vexatious refusal to pay because it is not an insured under the subject policy.

3. The premise of Wombat's counterclaim—that claim benefits were validly assigned to Wombat—is denied because any such assignment was expressly prohibited by the following language of the insurance agreement between Acuity and its named insured:

> Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

WHEREFORE, having fully answered Wombat's counterclaim, Acuity respectfully requests this Court's order dismissing that claim with prejudice, for court costs, and for such additional relief as the Court deems appropriate under the circumstances.

                                      Respectfully submitted,

                                      BAKER STERCHI COWDEN & RICE LLC

                                      */s/* Michael Shunk
                                      James R. Jarrow      MO # 38686
                                      Michael W. Shunk   MO # 43841
                                      2400 Pershing Road, Suite 500
                                      Kansas City, Missouri 64108
                                      Tel: (816) 471-2121
                                      Fax: (816) 472-0288
                                      jarrow@bakersterchi.com
                                      mshunk@bakersterchi.com

                                      ATTORNEYS FOR PLAINTIFF ACUITY,
                                      A MUTUAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on January 23, 2025.

/s/ Michael Shunk