UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:24-cv-01277-MTS |
| RIVERDALE PACKAGING CORPORATION, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| WOMBAT ACQUISITIONS, LLC, | ) ) | |
| Defendant/Counterclaim Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff/Counterclaim Defendant. | ) | |

## JOINT CONSENT MOTION FOR MODIFICATION OF SCHEDULING ORDER

COMES NOW, the Parties, by and through their undersigned attorneys, and for their Joint Consent Motion for Modification of Scheduling Order pursuant to Rule 4.01(a) state as follows:

1. Discovery has commenced and the parties have worked amicably thus far to resolve discovery differences relating to scheduling.

2. This Courts' Discovery Scheduling Order [Doc. 47] reflects the following deadlines, which the Parties' have consented to modify subject to the court's approval:
    a. Plaintiff shall designate all expert witnesses and provide the reports required by Federal Rule of Civil Procedure 26(a)(2) no later than **June 2, 2025**, and shall make the expert witnesses available for deposition, and have the depositions complete, no later than July 1, 2025.
    b. Defendant shall designate all expert witnesses and provide the reports required by Federal Rule of Civil Procedure 26(a)(2) no later than **July 21, 2025**, and shall make the expert witnesses available for depositions, and have the depositions completed, no later than **August 25, 2025.**
3. The scheduling order did not account for the designation of experts for Wombat as a counterclaim plaintiff and Acuity as a counterclaim defendant.
4. Defendants Bill Notke and Riverdale Packaging Co. do not object to this proposed change.
5. Because the issues raised by Acuity as plaintiff in its Complaint for Declaratory Judgment are purely legal in nature, it is Acuity's position that no expert testimony is necessary to support that claim.

6. As a counterclaim defendant, Acuity does not know what, if any experts will be necessary because it does not know what experts Wombat intends to designate in support of its counterclaims.

7. Accordingly, Acuity believes it is appropriate to include a new deadline in the scheduling order for Acuity to designate any experts in defending the counterclaims.

8. In this case, a water main servicing the sprinkler system for 57,000 square foot building burst. Although the main was obviously beneath the ground, the water from it was under sufficiently high pressure to cause it to spray onto the roof. On the day of the occurrence, the temperature was below freezing. The collected water on the roof spray and froze, resulting in the collapse of a section of the roof.

9. Defendant Wombat Acquisitions' has retained a structural engineer, a commercial appraiser, and a certified public adjuster and is preparing reports in advance of the July 21 deadline.

10. In the context of searching for relevant structural drawings for the property at issue, a number of issues have made apparent the need for additional time.

11. First, the City of St. Louis and their various zoning and permits, building inspector, and archival units have collectively failed to identify any structural drawings, actual submitted permits, or other pertinent

information associated with the subject building. No party presently possesses this information.

12. The City of St. Louis has been required by Missouri law to maintain public records – like the structural drawings and permits sought by counsel for Defendant Wombat – since at least 1955.[1] It has not, at least as to 4501 Gustine Avenue and the surrounding buildings.

13. What has been made available by the city is a dataset containing all 300,000 permit applications made for new construction since 1990.

14. Analyzing that dataset itself may require expert testimony as it exists on the city governments website as a raw relational database in Microsoft Database format, and requires sql queries to navigate between the different tables to correlate the permits, application dates and work descriptions.

15. Counsel for Wombat Acquisitions performed analysis of the database, which revealed only the following 5 permits requested and associated with the subject property:

| permit_id | permit_type | permit_categ | issue_date | application_ | completion_ | cancel_date | work_description |
|---|---|---|---|---|---|---|---|
| 467473 | AB | Building | 10/15/09 | 10/9/09 | 11/10/09 | | INTERIOR ALTERATIONS (LOADING DOCK) PER PLANS |
| 2607 | AO | Occupancy | 6/18/18 | 5/1/18 | | | WAREHOUSE AND STORAGE |
| 3241 | AO | Occupancy | 11/13/18 | 10/15/18 | | | WAREHOUSE AND STORAGE. BUSINESS IS EXPANDING. |
| 3309 | AO | Occupancy | 11/20/18 | 11/6/18 | | | STORAGE OF BOXES |
| 4588 | AO | Occupancy | 6/12/20 | 11/15/19 | | 2/14/20 | WAREHOUSE AND STORAGE (BABY BOTTLES & BABY ITEMS) BUSINESS IS EXF |
| 9337 | AO | Occupancy | 4/27/23 | 3/29/23 | | 11/1/23 | OFFICE & WAREHOUSE (INSIDE STORAGE OF EMPTY BOTTLES, ROLLS OF PLA |

---

[1] *See* e.g. *State ex rel. Gray v. Brigham*, 622 S.W.2d 734 (Mo. Ct. App. E.D. 1981). ("Because the City of Brentwood maintains, on file records of all applications for and occupancy permits, these records are public records and fall within the purview of ss 610.010(4), 109.180 and 109.190, RSMo. 1978.") *See also Disabled Police Veterans Club v. Long*, 279 S.W.2d 220, 222 (Mo.App.1955). ("Citizens of Missouri have the right to inspect and copy any public record even if there is no apparent "legal interest to be subserved ...."). *See also* Mo. Rev. Stat. § 610.010, RSMo. 1978.

16. In order to get the original structural drawings applicable to the instant building, Defendant Wombat requests an additional month for the deadline to disclose initial report. This discovery would involve at least subpoenas to any of the various subcontractors as well as Nordyne's successor in interest.

17. The proposed modified deadlines would be:

    a. Counterclaim Plaintiff to provide Rule 26(a)(2) initial report by August 21, 2025;

    b. Counterclaim Plaintiff to produce expert witness for deposition by September 22, 2025;

    c. Counterclaim Defendant to provide Rule 26(a)(2) initial report by October 20, 2025;

    d. Counterclaim Defendant to produce expert for deposition by November 21, 2025.

18. Accomplishing the same would require moving the deadline to complete discovery until November 21, 2025. In addition, the parties request additional time to submit summary dispositive motions until December 22, 2025.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC

   */s/* Michael Shunk
James R. Jarrow MO # 38686
Michael W. Shunk MO # 43841
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Tel: (816) 471-2121
Fax: (816) 472-0288
jarrow@bakersterchi.com
mshunk@bakersterchi.com
**Attorneys for Defendant Acuity**

and

ATTORNEYS FOR PLAINTIFF ACUITY,
A MUTUAL INSURANCE COMPANY


OTT LAW FIRM

/s/ Joseph Ott

Joseph A. Ott                    #67889
3544 Oxford Blvd.
Maplewood, MO 63143
Telephone (314) 293-3756
joe@ott.law
**Attorney for Defendant Wombat**