UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> RIVERDALE PACKAGING CORPORATION, <br><br> and <br><br> LORA PROPERTY INVESTMENTS, LLC <br><br> and <br><br> WOMBAT ACQUISITIONS LLC, <br><br> Defendants. | Case No.: 4:24-cv-01277 |

**SECOND AMENDED CASE MANAGEMENT ORDER – TRACK 2:**

**STANDARD**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan, the Differentiated Case Management Program of the United States District Court for the Eastern District of Missouri, and the Joint Motion for Modification, Doc. [71],

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case and will be modified only upon motion and a showing of **good cause**:

**I. Scheduling Plan**

1. This case is assigned to Track 2 (Standard).

Exhibit A

2. The parties shall make all initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) no later than January 28, 2025.

3. All motions for joinder of additional parties or to file amended pleadings must be filed no later than April 04, 2025.

4. Discovery shall proceed in a bifurcated manner as follows:

    (a) Discovery during phase one shall concern communications with Serve-Pro, communications between Acuity and Riverdale Property Corporations and/or Lora Property Investments, an inspection of the Gustine property, and a deposition of the lead adjuster on the file. Phase one discovery shall conclude no later than May 30, 2025.

    (b) Phase two of discovery will begin on June 02, 2025. Any additional discovery related to Defendant Wombat Acquisitions LLC's vexatious refusal claim shall take place in phase two of discovery.

    (i). Plaintiff/Counterclaim Defendant shall designate all expert witnesses and provide the reports required by Federal Rule of Civil Procedure 26(a)(2) no later than **December 5, 2025**, and shall make the expert witnesses available for deposition, and have the depositions completed, no later than **January 23, 2026**.

    (ii). Defendant/ Counterclaim Plaintiff shall designate all expert witnesses and provide the reports required by Federal Rule of Civil Procedure 26(a)(2) no later than August 21, 2025, and shall make the expert witnesses available for depositions, and have the depositions completed, no later than **November 7, 2025**.

    (c) Absent good cause shown, a party may serve on any other party no more than twenty-five (25) written interrogatories. Fed. R. Civ. P. 33(a)(1). Absent good cause shown, the parties are limited to ten (10) depositions per side. See Fed. R. Civ. P. 30(a)(2)(A).

    (d) The parties do not anticipate any requests for physical or mental examinations pursuant to Federal Rule of Civil Procedure 35.

    (e) The parties shall complete all discovery no later than **February 6, 2026**.

    (f) If any discovery dispute arises, the parties shall raise the dispute in a diligent and timely manner. Absent a showing of excusable neglect, no discovery dispute may be raised with the Court after **February 20, 2026**.

        (i). Before raising any discovery dispute with the Court, counsel must confer in person or by telephone with opposing counsel in good faith or make reasonable efforts to do so.

        (ii). If after sincere efforts to resolve their dispute, counsel are unable to reach an accord, the moving party must request an informal conference with the Court before moving for any Order relating to discovery.[1]

5. This case was referred to alternative dispute resolution on March 31, 2025. That referral shall terminate on May 30, 2025. The parties must comply with all Local Rules governing ADR. See E.D. Mo. L.R. 6.01–6.05.

6. Any dispositive motions or motions to exclude testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), or Kuhmo Tire Co. Ltd. v. Carmichael, 526 U.S. 137 (1999), must be filed no later than December 22, 2025.

    (a) Local Rule 4.01 governs response times for all motions unless otherwise provided by Order of the Court.

    (b) Any memoranda in support or opposition to any motion filed under this paragraph must contain a table of contents and a table of authorities.

## II. Order Relating to Trial

This action is set for a JURY trial on June 01, 2026, at 9:00 a.m. in Courtroom Sixteen South (16-S). This is a two-week docket. A final pre-trial conference will be set in this matter by further Order of the Court. It typically will be set for the week immediately preceding trial.

---

[1] Parties may email: MOEDml_Schelp_Law_Clerks@moed.uscourts.gov

1. Joint Stipulation: No later than seven (7) days prior to the final pre-trial conference, the parties must file a joint stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation. This joint stipulation must include a brief summary of the case that the Court will read to the venire before voir dire.

2. Witnesses:

   (a) No later than twenty-one (21) days prior to the pre-trial conference, deliver to the opposing party, and file with the Clerk of Court, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called to testify.

   (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order. Any objections not made in writing at least ten (10) days prior to the pre-trial conference may be considered waived.

3. Exhibits:

   (a) No later than twenty-one (21) days prior to the pre-trial conference, mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and Defendants to use letters, e.g., Pltf-1, Deft-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to the opposing party and file with the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Federal Rule of Evidence 902(11) or 902(12).

   (b) No later than fourteen (14) days prior to the pre-trial conference, submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Federal Rule of Evidence 902(11) or 902(12), to the opposing party for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by the opposing party in compliance with this Order. Any objections not made in writing no later than ten (10) days prior to the pre-trial conference may be considered waived.

4. Depositions, Interrogatory Answers, and Requests for Admission:

(a) No later than twenty-one (21) days prior to the pre-trial conference, deliver to the opposing party and file with the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. No later than ten (10) days prior to the pre-trial conference, the opposing party shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party that the opposing party proposes to offer.

(i). The use of any deposition testimony at trial must comply with Federal Rule of Civil Procedure 32.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5. Motions in Limine: File all motions in limine no later than fourteen (14) days prior to the pre-trial conference. Responses or objections to any motion in limine must be filed no later than seven (7) days prior to the pre-trial conference. Any response or objection not made as required above may be considered waived. All motions in limine should be submitted in one document and each motion should be numbered (e.g., Plaintiff's Motion in Limine No. 1).

6. Jury Instructions:

(a) The parties must meet and confer in an effort to resolve any dispute involving jury instructions. Lead counsel must personally speak

    before submitting any jury instructions over which a dispute remains.

   (b) The parties must jointly submit the jury instructions upon which they have agreed no later than seven (7) days prior to the final pre-trial conference.

   (c) For the jury instructions that remain in dispute, no later than seven (7) days prior to the final pre-trial conference, the parties must separately submit proposed versions of disputed jury instructions.

   (d) Every proposed jury instruction must be accompanied by a citation to a governing model jury instruction if one is available. Where no governing model jury instruction is available, the provided jury instruction must be accompanied by at least one citation to other appropriate legal authority.

7. Trial Brief: No later than seven (7) days prior to the start of trial, submit to the Court and the opposing party a trial brief stating the legal and factual issues and authorities on which the parties rely and discussing any anticipated substantive or procedural problems.

***

The failure to comply with any part of this Order may result in the imposition of sanctions. See Fed. R. Civ. P. 16(f).

Dated this _____ day of October, 2025.

 

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE