UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> RIVERDALE PACKAGING CORPORATION, <br><br> and <br><br> LORA PROPERTY INVESTMENTS, LLC <br><br> and <br><br> WOMBAT ACQUISITIONS LLC, <br><br> Defendants. | Case No.: 4:24-cv-01277 |

**PLAINTIFF ACUITY'S OBJECTIONS TO DEFENDANT WOMBAT'S 30(B)(6) DEPOSITION TOPICS AND MOTION FOR PROTECTIVE ORDER**

COMES NOW plaintiff Acuity, by and through its undersigned counsel of record, and pursuant to Rule 26(c)(1)(D), submits the following objections to defendant Wombat's 30(b)(6) deposition notice for a corporate representative of Acuity, and motion for protective order.

## BACKGROUND

On January 8, 2026, counsel for Wombat served a Rule 30(b)(6) deposition notice for the deposition of a corporate representative of plaintiff Acuity. The notice

included a list of 127 separate topics ranging from the facts and circumstances of the subject property damage claim to the "performance metrics" of Acuity's claim handling decisions. Below are Acuity's objections to specific topics included on that list.

A copy of the above-referenced deposition notice is attached hereto as Exhibit A.

## OBJECTIONS

**TOPIC 3: CLAIMS HANDLING BY DAVE JOSTES**

The claims handling activities, decisions, and authority of Dave Jostes (Property Claims Specialist, djostes@acuity.com, 800.242.7666 x2522) regarding Claim SG6882, including but not limited to:

**No. 35.** The performance metrics, evaluation criteria, and standards by which Dave Jostes's claims handling performance is measured.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. Because Wombat has never been an insured party under the subject policy, it has no standing to assert claims against Acuity for the claims handling performance of Dave Jostes.

**No. 36.** Any complaints, disciplinary actions, or performance issues related to Dave Jostes's claims handling.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. Because Wombat has never been an insured party under the

subject policy, it has no standing to assert claims against Acuity for the claims handling performance of Dave Jostes.

### TOPIC 4: ASSIGNMENT OF BENEFITS FROM RIVERDALE PACKAGING TO WOMBAT

Acuity Insurance Company's knowledge of, investigation of, and response to the assignment of benefits from Riverdale Packaging Corp. to Wombat, including but not limited to:

**No. 46.** Any communications with Acuity's legal counsel regarding the legal effect, validity, or enforceability of the assignment under Missouri law.

**Objection:** This topic is overly broad and seeks privileged attorney-client communications, protected attorney work-product and mental impressions of counsel.

**No. 55.** Any precedent claims in which Acuity recognized or refused to recognize assignments of benefits to contractors or other third parties.

**Objection:** This topic is vague and ambiguous as to assignment of benefits to "contractors". In addition, it is not relevant to Wombat's claim or defense. The insurance policy allows Acuity the discretion to consent to the transfer of rights under any given circumstances. Accordingly, any precedent claims would shed no light on Wombat's claims or defenses.

### TOPIC 7: POLICY PROVISIONS AND APPLICATION

Acuity Insurance Company's interpretation and application of Policy ZS1914 to the facts of Claim SG6882, including but not limited to:

3

**No. 77.** All communications, claim notes, letters, and analyses reflecting Acuity's transfer/assignment interpretation and its decision to deny recognition of Wombat's asserted status/rights (including communications concerning appraisal demands and demand made by Wombat/All States.)

**Objection:** This topic is overly broad and seeks privileged attorney-client communications, protected attorney work-product and mental impressions of counsel.

**TOPIC 10: CLAIMS HANDLING POLICIES AND PROCEDURES FOR COMMERCIAL PROPERTY CLAIMS**

All written and unwritten policies, procedures, guidelines, manuals, standards and practices of Acuity Insurance Company regarding the handling of commercial property damage claims in Missouri, including but not limited to:

**No. 86.** Standards and timeframes for initial claim acknowledgement and assignment.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. Because Wombat has never been an insured party under the subject policy, it has no standing to assert claims against Acuity for the claims handling performance of Dave Jostes. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit.

**No. 87.** Documentation requirements for commercial property claim files.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. Because Wombat has never been an insured party under the

subject policy, it has no standing to assert claims against Acuity for the claims handling performance of Dave Jostes. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit.

**No. 88.** Investigative protocols required for water damage claims.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. Because Wombat has never been an insured party under the subject policy, it has no standing to assert claims against Acuity for the claims handling performance of Dave Jostes. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit.

**No. 89.** Standards for determining coverage for "Personal Property of Others".

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. Because Wombat has never been an insured party under the subject policy, it has no standing to assert claims against Acuity for the claims handling performance of Dave Jostes. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit.

**No. 90.** Valuation methodologies for bailee's customer property.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. Because Wombat has never been an insured party under the subject policy, it has no standing to assert claims against Acuity for the claims handling performance of Dave Jostes. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit.

**No. 91.** Authority levels required for coverage determinations and claim denials.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. Because Wombat has never been an insured party under the subject policy, it has no standing to assert claims against Acuity for the claims handling performance of Dave Jostes. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit.

**No. 92.** Required supervisory review procedures for payment delays exceeding 30, 60, or 90 days.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. Because Wombat has never been an insured party under the subject policy, it has no standing to assert claims against Acuity for the claims handling performance of Dave Jostes. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit.

**No. 93.** Quality assurance and audit procedures for commercial property claims.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. Because Wombat has never been an insured party under the subject policy, it has no standing to assert claims against Acuity for the claims handling performance of Dave Jostes. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit.

**No. 94.** Training requirements for Property claims Specialists handling commercial property claims in Missouri.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. Because Wombat has never been an insured party under the subject policy, it has no standing to assert claims against Acuity for the claims handling performance of Dave Jostes. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit.

**No. 95.** Performance metrics and evaluation criteria for claims adjusters.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. Because Wombat has never been an insured party under the subject policy, it has no standing to assert claims against Acuity for the claims handling performance of Dave Jostes.  In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit.

**No. 100.**  Any communications with Acuity's legal counsel regarding coverage issues, valuation disputes, or litigation strategy.

**Objection:** This topic is overly broad and seeks privileged attorney-client communications, protected attorney work-product and mental impressions of counsel.

**No. 110.** The number of claims involving "Personal Property of Others" coverage received by Acuity in Missouri from January 1, 2021 through present.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense.  In addition it is overly broad to the extent it seeks information

concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 111.** The percentage of such claims paid in full, paid in part or denied.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense.  In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 112.** The average time frame from loss date to final payment for such claims, warehouses, or bailees holding customer property.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense.  In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 113.** Common factual patterns in claims involving packaging companies, warehouses or bailees holding customer property.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 114.** Any internal studies, audits, or analyses of Acuity handling of Personal Property of Others claims.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 115.** Any changes in coverage positions, claim handling practices, or payment procedures regarding such claims during the relevant period.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. In addition it is overly broad to the extent it seeks information

concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

### TOPIC 14: BAD FAITH AND CLAIMS PRACTICES

Acuity Insurance Company's consideration of potential bad faith liability or unfair claims practices in handling Claim SG6882, including but not limited to:

**No. 116.** Any recognition that the claim presented close coverage questions or arguable coverage.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 117.** Any consideration of the insured's interests and business relationships in evaluating the claim.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic

is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 118.** The reasonableness of requesting multiple invoices, salvage analyses, and owner identification before issuing payment.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 119.** Any consideration of industry standards or best practices for handling bailee's customer property claims.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense. In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 120.**  Any evaluation of litigation risk or bad faith exposure related to payment delays.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense.  In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 121.**  Any analysis of the costs of litigation versus the costs of paying the claim.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense.  In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 122.**  Any economic or financial considerations in decisions to delay payment or require additional documentation.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense.  In addition it is overly broad to the extent it seeks information

concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

### TOPIC 15: FINANCIAL AND ECONOMIC ANALYSIS

Acuity Insurance Company's financial considerations regarding Claim SG6882, including but not limited to:

**No. 123.** The total amount of reserves set for Claim SG6882 and any changes to reserves over time.

**Objection:** Because Wombat is not an insured, the reserve information is not relevant to its claim or defense.

**No. 124.** The total amount paid to date on Claim SG6882, broken down by building damage, contents, mitigation, and other categories.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense.  In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 125.** The remaining amount in dispute.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense.  In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 126.** Any consideration of the relatively small dollar amount of the Personal Property of Others claim (approximately $55,000) in relation to the costs of litigation.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense.  In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**No. 127.** Any performance metrics, profitability analyses, or financial considerations affecting claim handling decisions.

**Objection:** This topic is vague, ambiguous and not relevant to Wombat's claim or defense.  In addition it is overly broad to the extent it seeks information concerning claims other than the claim at issue in this lawsuit. In addition, this topic

is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

### REQUEST FOR PRODUCTION OF DOCUMENTS

**No 1.** Please bring any and all photos, emails, text messages, or other written or electronically recorded information pertaining to the property damage incident at the Riverdale Packaging Corporation facility, including but not limited to communications with SERVPRO, Acuity representatives, insurance claim adjusters, property inspections, damage assessments, repair estimates, invoices for emergency services and mitigation work, warranty deeds, insurance assignment agreements, lease agreements, and any correspondence regarding the scope of work performed or payment of insurance proceeds.

**Objection:** This is an improper request for production of documents. Under the federal rules of civil procedure, a party has 30 days to respond to a request for production of documents. This request was served on January 8 for a deposition to take place on January 20, thereby allowing Acuity only 12 days to respond.

**No. 2.** Bring all documents relied upon in answering the above requests.

**Objection:** This is an improper request for production of documents. Under the federal rules of civil procedure, a party has 30 days to respond to a request for production of documents. This request was served on January 8 for a deposition to take place on January 20, thereby allowing Acuity only 12 days to respond.

## MOTION FOR PROTECTIVE ORDER

In addition to the above objections, and for reasons set forth above, plaintiff Acuity moves for the issuance of a protective order as to the objectionable topics.

WHEREFORE, for the foregoing reasons, plaintiff Acuity, respectfully moves for a protective order, and for such additional relief as the Court deems appropriate under the circumstances.

> Respectfully submitted,
>
> BAKER STERCHI COWDEN & RICE LLC
>
> /s/ Michael Shunk
> James R. Jarrow MO # 38686
> Michael W. Shunk MO # 43841
> 2400 Pershing Road, Suite 500
> Kansas City, Missouri 64108
> Tel: (816) 471-2121
> jarrow@bakersterchi.com
> mshunk@bakersterchi.com
> ATTORNEYS FOR PLAINTIFF ACUITY, A MUTUAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 19, 2026, the undersigned served a copy of the foregoing on the following individuals by filing the document on PACER and by email:

Joseph Ott
Ott Law Firm
Maplewood, MO
joe@ott.law

Jeremy Hollingshead
Hollingshead & Dudley
Town & County, MO

jholllingshead@hdtriallawyers.com

Zachary McMichael
Capes Sokol
St. Louis, Missouri
mcmichael@capessokol.com

                                           /s/ Michael Shunk