UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>RIVERDALE PACKAGING CORPORATION,<br><br>and<br><br>LORA PROPERTY INVESTMENTS, LLC<br><br>and<br><br>WOMBAT ACQUISITIONS LLC,<br><br>  Defendants. | Case No.: 4:24-cv-01277 |

**ACUITY'S RESPONSE IN OPPOSITION TO WOMBAT'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATION**

COMES NOW plaintiff Acuity, by and through its undersigned counsel of record, and submits the following response in opposition to defendant Wombat's motion for leave to exceed page limitations in connection with its memorandum in opposition to Acuity's motion for summary judgment.

Pursuant to Local Rule 4.01(D), "no party shall file any … memorandum … which exceeds fifteen (15) numbered pages, exclusive of the Table of Contents, Table of Authorities, signature page, and attachments, without leave of Court."

Here, Wombat seeks to file a memorandum in opposition that more than doubles the number of pages permitted by the local rule.

"Parties have an obligation to focus their responses to meet the page limits while simultaneously addressing the issues they want the Court to consider." *Nobles v. State Farm Mut. Auto. Ins. Co.*, 2011 U.S. Dist. LEXIS 131448, *2; WL 5563444. Even a cursory review of the plaintiff's proposed memorandum in opposition shows that Wombat's request to avoid the page limitation is not a matter of practical necessity. Rather it is due to the fact that counsel for Wombat has elected to file a memorandum that is not properly focused on the issues raised by Acuity's motion for summary judgment.

By way of example, every fact recited on pages 3 through 9 of the memorandum relates solely to the merits (or lack thereof) of Wombat's counterclaim for vexatious refusal to pay. The same is true for all of the argument from page 24 to page 32.

Counsel for the plaintiff also squandered a large portion of its allotted page real estate to an argument that Acuity has waived any right to challenge the effect of the assignment, or in the alternative that it is estopped from doing so. That argument has zero support in the facts. Acuity has *always* maintained its position that it could only be bound by the assignment of benefits if it consented to be bound. The fact that it extended a settlement proposal to its insured was never inconsistent with that position.

In addition, from page 32 to 36 counsel for Wombat addresses what it considers to be the "spoliation" of a document that Wombat itself actually produced as part of its document production. It strains credulity that Wombat could in any way been prejudiced by the "spoliation" of a document it has always had in its possession. Wombat wastes at least four pages on this frivolous issue.

Counsel for Wombat does not need an extension of the page limitation for any reason having to do with the issues raised by Acuity's motion. Rather, he needs the extension because he could not restrain himself from advancing frivolous and unrelated arguments.

WHEREFORE, plaintiff Acuity respectfully requests an order of this Court denying Wombat's motion for leave to exceed the page limitation, and for such additional relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC

/s/ Michael Shunk
James R. Jarrow MO # 38686
Michael W. Shunk MO # 43841
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Tel: (816) 471-2121
jarrow@bakersterchi.com
mshunk@bakersterchi.com
ATTORNEYS FOR PLAINTIFF ACUITY,
A MUTUAL INSURANCE COMPANY

3

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on March 5, 2026.

                                                           /s/ Michael Shunk