UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>RIVERDALE PACKAGING CORPORATION,<br><br>and<br><br>LORA PROPERTY INVESTMENTS, LLC<br><br>and<br><br>WOMBAT ACQUISITIONS LLC,<br><br>      Defendants. | Case No.: 4:24-cv-01277 |

## PLAINTIFF/COUNTERCLAIM DEFENDANT ACUITY'S MOTION FOR PROTECTIVE ORDER

COMES NOW plaintiff/counterclaim defendant Acuity, by and through its undersigned counsel of record, and pursuant to Rule 26(c) moves this Court for a protective order in connection with several topics set forth in defendant Wombat's notice to take 30(b)(6) deposition of Acuity. A protective order is proper under 26(c)(1)(A) and (D). Acuity objects to 5 of the 30 topics in the notice. The topics which Acuity objects to in this Motion are:

**Section 1(b).** Acuity's rationale for deciding to file a dec action.

**Section 5(w).** Comparison of Acuity payments and settlement offer with "other comparable first-party property claims during relevant time period."

**Section 7 (bb).** Other claims involving post-loss assignment of benefits.

**Section 7 (cc).** Appraisal demand rejections.

**Section 7 (dd).** Regulatory and litigation history.

For purposes of this motion, the above topics fit into three categories: (1) attorney-client communications and attorney work-product; (2) information concerning other claims; and (3) regulatory and litigation history of other claims. The specific objections, more fully set forth in the Memorandum in support are attorney-client privilege, work product privilege, relevance, proportionality, and unduly burdensome.

To prepare for the objectionable topics of what Wombat seeks in the deposition notice, it would be unduly burdensome and force Acuity to incur costs of over $2 million, all as more fully set forth in the simultaneously filed Memorandum in support, which is incorporated by reference.

WHEREFORE, for the foregoing reasons, Plaintiff Acuity, respectfully requests an order of this Court that it is not required to produce a witness to testify concerning topics 1(b), 5(w), and 7(bb), (cc) and (dd), and for such additional relief as the Court deems appropriate under the circumstances.

## CERTIFICATE OF COMPLIANCE WITH RULE 26(c)(1)

The undersigned hereby certifies that he has in good faith conferred with other affected parties in an effort to resolve the dispute without court action.

/s/ Michael Shunk

Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC

/s/ Michael Shunk
James R. Jarrow MO # 38686
Michael W. Shunk MO # 43841
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Tel: (816) 471-2121
jarrow@bakersterchi.com
mshunk@bakersterchi.com
ATTORNEYS FOR PLAINTIFF
ACUITY, A MUTUAL INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on March 16, 2026.

/s/ Michael Shunk

3