**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ACUITY, A MUTUAL INSURANCE   )
COMPANY,                     )
                             )
      Plaintiff,            )
                             )
   vs.                       )      Case No. 4:24-cv-01277-MTS
                             )
RIVERDALE PACKAGING          )
CORPORATION, *et al.*,       )
                             )
      Defendants.           )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff/Counter-Defendant Acuity, A Mutual Insurance Company's Motion for Protective Order regarding topics for a deposition under Federal Rule of Civil Procedure 30(b)(6).  Doc. [97].  The Court has reviewed the parties' briefing in the matter along with the exhibits.  After due consideration, the Court will grant the Motion in part and deny it in part.

\*

At issue are five out of the approximately thirty matters for examination that Counter-Plaintiff Wombat Acquisitions LLC has identified in its notice of deposition directed to Counter-Defendant under Rule 30(b)(6).  Doc. [98-1].  For four of those five, Counter-Defendant asserts relevancy objections.  Doc. [98] 2–3; *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").  In support of that ground, Counter-Defendant cited a decision of this Court that strongly

supports Counter-Defendant's argument that these requests about its past claims and cases is not relevant to Counter-Plaintiff's vexatious refusal claim under Missouri law. Doc. [98] at 10–11 (citing *Olga Despotis Tr. v. Cincinnati Ins. Co.*, 4:12-cv-2369-AGF, 2014 WL 129670, at \*2 (E.D. Mo. Jan. 14, 2014)).

In response, Counter-Plaintiff fails to successfully distinguish *Olga*, and Counter-Plaintiff cites *no* other case law supporting its argument on relevancy.  What is more, the Court has located no Missouri case law or other authority showing that Counter-Plaintiff's requested topics related to Counter-Defendant's corporate history or unrelated disputes is relevant.  *See* 35 Robert H. Dierker & Richard J. Mehan, *Missouri Practice Series* § 32:11 (Apr. 2026) (discussing evidence of vexatiousness without discussion of insurers' conduct in previous unrelated claims or cases).  *But cf. State Farm Mut. Auto. Ins. Co. v. Stephens*, 425 S.E.2d 577, 583–84 (W. Va. 1992) (noting other "courts have recognized that in a bad faith claim against an insurance carrier, previous similar acts can be shown to demonstrate that the conduct was intentional").  The Court therefore will grant the Motion as to topics 5(w) and 7(bb)–(dd) for lack of relevance to any party's claim or defense.\*

That leaves topic 1(b), which covers Counter-Defendant's decision to bring this litigation along with policies and practices applicable to preservation of documents, and "the precise timing and rationale for the decision to file [this] declaratory judgement action."  Doc. [98-1] at 4.  Counter-Defendant objects to this request arguing that it "requires disclosure of privileged attorney-client communications and protected attorney

---

\* Because the Court will grant the Motion on relevancy grounds, the Court does not reach Counter-Defendant's other colorable arguments regarding why these topics should be stricken.

work-product." Doc. [98] at 2. Questions surrounding these topics might well be properly objected to during a deposition on the basis of privilege or work-product protection. But Counter-Defendant has not shown that all questions regarding these topics would be objectionable. Counter-Defendant can designate someone to testify about this information, and Counter-Defendant can object to any specific question whose answer calls for privileged or protected information. The Court therefore will deny the Motion as to topic 1(b).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counter-Defendant Acuity, A Mutual Insurance Company's Motion for Protective Order, Doc. [97], is **GRANTED** in part and **DENIED** in part consistent with this Memorandum and Order.

Dated this 30th day of April 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE