**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) | |
| | ) | Case No.: 4:24-cv-01277-MTS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RIVERDALE PACKAGING CORP., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS RIVERDALE PACKAGING CORPORATION AND LORA PROPERTY INVESTMENTS, LLC'S JOINT MOTION AND MEMORANDUM OF LAW FOR LEAVE TO AMEND ANSWER TO ASSERT CROSS-CLAIM**

Defendants Riverdale Packaging Corporation ("Riverdale") and Lora Property Investments, LLC ("Lora") (together with Riverdale as "Defendants"), by and through their undersigned counsel, pursuant to Rule 15(a)(2), moves the Court to grant them leave to file the amended answer filed herewith as **Exhibit 1**, for the purpose of asserting a cross-claim for indemnification against Defendant Wombat Acquisitions LLC ("Wombat"). In support of their motion, Riverdale and Lora, state as follows:

1. This is a case involving the assignability of a casualty claim under an insurance policy. Riverdale was the policy holder, Lora was an additional insured, Wombat was the assignee, and Plaintiff Acuity, a Mutual Insurance Company ("Acuity") was the insurer.

2. Acuity instituted this action on September 20, 2024, and filed its amended complaint on September 24, 2024. [Doc. 9].

3. Riverdale and Lora filed their joint answer to the amended complaint on November 7, 2024. [Doc. 29].

4. At the time, Riverdale and Lora viewed themselves as nominal defendants in this case that would have minimal involvement. As Riverdale and Lora saw it at the time, they were included as potential insureds under the policy that are necessary parties to a declaratory judgment action to construe the terms of that policy. Riverdale and Lora believed that they would be subject to minimal written discovery, no depositions, and would, therefore, incur a minimal amount of attorneys' fees.

5. Unfortunately, that has not been the case. Riverdale and Lora have been the subject of multiple rounds of written discovery. Additionally, they have been required to prepare for depositions on multiple occasions, with those depositions being cancelled just before the date for the deposition, after much of the preparation had already been conducted. Riverdale and Lora still have not been deposed in this case. To date, Riverdale and Lora have incurred approximately 59.70 attorney hours on this matter at a cost of approximately $24,588.00.

6. In the Insurance Benefits Assignment Agreement that is at issue in this case, Wombat agreed to "defend and indemnify" Riverdale and Lora "and save [them] harmless from and against any and all claims, costs or expenses (including attorney fees) against or incurred by [them] arising from (a) [Wombat's] pursuit of future insurance claims proceeds or benefits or (b) any litigation or arbitration expenses incurred in connection [with] Assignee's pursuit of future insurance claims proceeds or benefits."

7. In January 2026, counsel for Riverdale and Lora had a telephone conversation with counsel for Wombat to discuss Wombat's indemnification obligations.

8. On February 3, 2026, Riverdale and Lora sent a formal demand to Wombat for indemnification.

9. On April 21, 2026, Riverdale and Lora sought a response to their indemnity demand.

10. On April 28, 2026, Riverdale and Lora informed Wombat that if it did not respond to the indemnification demand by May 1, 2026, they would seek leave to file a crossclaim to assert their indemnification rights.

11. As of the date of this motion, Wombat has not responded.

12. The current deadline under the Court's case management order for a party to file a motion for leave to file an amended pleadings is June 1, 2026.

13. A crossclaim must be stated in a pleading and is not itself a pleading. *In re Cessna Distributorship Antitrust Litigation*, 532 F.2d 64, 67 n.7 (8th Cir. 1976). Where the only pleading filed by a party is an answer, and the time to amend the answer by right has expired, the proper procedure to assert a crossclaim is by leave to file an amended answer, pursuant to Rule 15(a). *Id.* at 67–68.

14. Pursuant to Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." As explained by the Supreme Court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."
>
> *Foman v. Davis*, 371 U.S. 178, 182 (1962).

15. Here, there is no undue delay, bad faith, or dilatory motive on behalf of Riverdale and Lora. That Wombat would refuse to honor its indemnity obligations was not apparent to Riverdale and Lora until the spring of 2026. Instead of rushing to the courthouse, Riverdale and Lora attempted to give Wombat sufficient time to make good on its obligations. Seeing that it will not, Riverdale and Lora now seek leave. Riverdale and Lora have not previously sought leave. Further, there will be no undue prejudice to Wombat (or Acuity) in allowing this amendment. Indeed, it will be beneficial to all parties to have the issues raised in Riverdale and Lora's proposed crossclaim resolved now in this litigation, instead of in a new case. Additional discovery, if any, will be minimal. This case is not set for trial until February 2027.

16. Moreover, allowing Riverdale and Wombat to assert their crossclaim now, instead of in a later suit, will serve the interest of judicial economy. Instead of a second suit, which will incur more attorneys' fees that will be ultimately paid by Wombat, and consume more judicial resources, the crossclaim Riverdale and Lora seek to assert can be resolved with the present case in a straightforward manner. They will not significantly increase the complexity of this action or significantly increase the amount of judicial resources consumed in resolving this action.

17. Therefore, Riverdale and Lora respectfully request that the Court grant them leave to file their amended answer, to assert their crossclaim for indemnity and unjust enrichment.

WHEREFORE, Defendants Riverdale Packaging Corporation and Lora Property Investments, LLC respectfully request that the Court grant them leave to file their amended answer to assert their proposed crossclaim, and for any other and further relief the Court deems just and proper under the circumstances.

Respectfully submitted:

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ Zachary R. McMichael*
Zachary R. McMichael, #68251(MO)
Elizabeth W. McKown, #73484(MO)
8182 Maryland Ave., Fifteenth Floor
St. Louis, Missouri 63105
(314) 721-7701 (telephone)
(314) 721-0554 (facsimile)
mcmichael@capessokol.com
mckown@capessokol.com

***Attorneys for Defendants Riverdale Packaging Corporation and Lora Property Investments, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on this 22nd day of May, 2026.

*/s/ Zachary R. McMichael*