**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) | |
| | ) | Case No.: 4:24-cv-01277-MTS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RIVERDALE PACKAGING CORP., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED JOINT ANSWER OF DEFENDANTS RIVERDALE PACKAGING CORPORATION AND LORA PROPERTY INVESTMENTS, LLC TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Riverdale Packaging Corporation ("Riverdale") and Lora Property Investments, LLC ("Lora") (together with Riverdale as "Defendants"), by and through their undersigned counsel, for their Amended Joint Answer to Plaintiff Acuity, A Mutual Insurance Company's ("Acuity") Amended Complaint (the "Complaint"), state as follows:

**Parties, Jurisdiction & Venue**

1. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint and therefore deny the same.

2. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint and therefore deny the same.

3. Defendants admit the averments contained in Paragraph 3 of the Complaint.

EXHIBIT
1

4. Defendants admit the averments contained in Paragraph 4 of the Complaint.

5. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint and therefore deny the same.

6. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint and therefore deny the same.

7. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants admit the averments contained in Paragraph 8 of the Complaint.

9. Defendants state that the averments contained in Paragraph 9 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

10. Defendants admit the averments contained in Paragraph 10 of the Complaint.

11. Defendants admit the averments contained in Paragraph 11 of the Complaint.

**Facts Common to All Counts**

12. Defendants admit the averments contained in Paragraph 12 of the Complaint.

13. Defendants admit the averments contained in Paragraph 13 of the Complaint.

14. Defendants admit the averments contained in Paragraph 14 of the Complaint.

15. Defendants admit the averments contained in Paragraph 15 of the Complaint.

16. Defendants admit the averments contained in Paragraph 16 of the Complaint.

17. Defendants admit that they suffered a casualty entitling them to coverage under the insurance policy identified in the Complaint, but deny that the casualty was solely caused by rain and therefore denied all other averments contained in Paragraph 17 of the Complaint.

18. Defendants admit the averments contained in Paragraph 18 of the Complaint.

19. Defendants admit the averments contained in Paragraph 19 of the Complaint.

20. Defendants admit the averments contained in Paragraph 20 of the Complaint.

21. Defendants admit the averments contained in Paragraph 21 of the Complaint.

22. Defendants admit the averments contained in Paragraph 22 of the Complaint.

23. Defendants admit the averments contained in Paragraph 23 of the Complaint.

24. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 24 of the Complaint and therefore deny the same.

25. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 25 of the Complaint and therefore deny the same.

26. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 26 of the Complaint and therefore deny the same.

27. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 27 of the Complaint and therefore deny the same.

28. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 28 of the Complaint and therefore deny the same.

**COUNT I: DECLARATORY JUDGMENT**

29. Defendants incorporate by reference their above responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Defendants state that the averments contained in Paragraph 30 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

31. Defendants state that the averments contained in Paragraph 31 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

32. Defendants state that the averments contained in Paragraph 32 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants further state that they are a party to this case solely as nominal defendants, and take no position at this time as to whether any party is entitled to a declaration in this case.

**DEFENDANT/CROSSCLAIM PLAINTIFF RIVERDALE PACKAGING CORPORATION AND DEFENDANT/CROSSCLAIM PLAINTIFF LORA PROPERTY INVESTMENTS, LLC'S CROSSCLAIM AGAINST CROSSCLAIM DEFENDANT WOMBAT ACQUISITIONS, LLC**

Defendant/Crossclaim Plaintiff Riverdale Packaging Corporation ("Riverdale") and Defendant/Crossclaim Plaintiff Lora Property Investments, LLC ("Lora"), by and through their

undersigned counsel, pursuant to Rule 13(g), for their Crossclaim against Defendant/Crossclaim Defendant Wombat Acquisitions LLC ("Wombat"), state as follows:

**The Parties**

1. Crossclaim Plaintiff Riverdale is a corporation incorporated under the laws of Missouri, with its principal place of business in Missouri.

2. Crossclaim Plaintiff Lora is a limited liability company organized under the laws of Missouri, with its principal place of business in Missouri.

3. Crossclaim Defendant Wombat is a limited liability company organized under the laws of Delaware. Upon information and belief, Wombat's principal place of business is in North Carolina.

**Jurisdiction**

4. The Court has supplemental jurisdiction over this crossclaim pursuant to 28 U.S.C. § 1367 because the crossclaim arises from the same case or controversy as Plaintiff's claims.

**Facts Relevant to All Counts**

5. On or about June 11, 2024, Lora sold the real property it owned at 4501 Gustine Blvd., in the City of St. Louis, Missouri to Wombat.

6. As part of that transaction, Riverdale, Lora, and Wombat entered into an Insurance Benefits Assignment Agreement, dated June 11, 2024 (the "Agreement").

7. A true and accurate copy of the Agreement is attached hereto as **Exhibit A**.

8. Pursuant to the Agreement, Riverdale and Lora agreed to "convey and assign" to Wombat all of their "right, title and interest in and to the Assigned Rights[,]" which are listed on Exhibit A to the Agreement, including its rights under Acuity insurance policy number ZS1914 (the "Insurance Policy").

9. Wombat agreed to "defend and indemnify" Riverdale and Lora "and save [them] harmless from and against any and all claims, costs, or expenses (including attorney fees) against or incurred by" Riverdale or Lora "arising from (a) [Wombat's] pursuit of future insurance claims proceeds or benefits or (b) any litigation or arbitration expenses incurred in connection with [Wombat's] pursuit of future insurance claims proceeds or benefits."

10. Thereafter, Wombat pursued future insurance claims and further proceeds from prior claims under the Insurance Policy.

11. In August 2024, Riverdale and Lora received a check in excess of $800,000.00 from Acuity pursuant to the Insurance Policy

12. In furtherance of the Agreement, Riverdale and Lora forwarded that check to Wombat.

13. In response, Acuity filed this declaratory judgment action and named Riverdale and Lora as defendants herein.

14. Riverdale and Lora have incurred in excess of $24,000 of attorneys' fees, costs, and expenses related to this litigation.

15. On February 3, 2026, Riverdale and Lora made demand on Wombat for indemnity in this case and reimbursement of fees incurred through that date.

16. Wombat did not respond.

17. On April 21, 2026, Riverdale and Lora inquired with Wombat regarding their demand for indemnification.

18. Wombat did not respond.

19. On April 28, 2026, Riverdale and Lora inquired with Wombat regarding their demand for indemnification and informed Wombat that if a response was not received, they would move the Court to allow them to file a crossclaim for indemnity.

20. Wombat did not respond.

**CROSSCLAIM I – CONTRACTUAL INDEMNITY**
(Wombat)

21. Riverdale and Lora incorporate by reference the allegations contained in paragraphs 1 through 20 of their crossclaim, as if fully set forth herein.

22. On June 11, 2024, Riverdale and Lora, on the first hand, and Wombat, on the second hand, entered into the Agreement, which required Wombat to indemnify Riverdale and Lora in this matter, including paying them their attorneys' fees incurred herein.

23. Despite demand, Wombat has failed to indemnify Riverdale and Lora.

24. Riverdale and Lora have incurred attorneys' fees and costs herein in excess of $24,000.00 and have a reasonable expectation that they will continue to incur fees through resolution of this matter.

WHEREFORE, Crossclaim Plaintiffs Riverdale Packaging Corporation and Lora Property Investments LLC, respectfully request that the Court enter judgment in their favor and against Wombat for indemnification in an amount to be determined at trial, for their attorneys' fees and costs, and for any other and further relief the Court deems just and proper under the circumstances.

**COUNT II – RESTITUTION**
(Wombat)
(In the alternative)

25. Riverdale and Lora incorporate by reference the allegations contained in paragraphs 1 through 20 of the crossclaim, as if fully set forth herein.

26. In the alternative, and only in the event that it is determined that the Agreement fails as a matter of law to create a binding contract between Riverdale, Lora, and Wombat, or is otherwise found to be null or void, Riverdale and Lora seek restitution of the funds paid to Wombat pursuant to the Agreement.

27. In August 2024, Riverdale and Lora, in reliance on the Agreement, provided Wombat with a check in excess of $800,000.00, which represented funds paid by Acuity under the Insurance Policy.

28. If the Agreement fails for any reason, and Wombat is not required to indemnify Riverdale and Lora, it would be unjust to allow Wombat to retain the benefits of the Agreement, namely the check sent by Riverdale and Lora to Wombat in August 2024, but also including any other amounts paid by, or assigned by, Riverdale and Lora to Wombat.

WHEREFORE, Crossclaim Plaintiffs Riverdale Packaging Corporation and Lora Property Investments LLC, respectfully request that the Court enter judgment in their favor and against Wombat for restitution and unjust enrichment in an amount to be determined at trial, for their attorneys' fees and costs, and for any other and further relief the Court deems just and proper under the circumstances.

Respectfully submitted:

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ Zachary R. McMichael*

Zachary R. McMichael, #68251(MO)
Elizabeth W. McKown, #73484(MO)
8182 Maryland Ave., Fifteenth Floor
St. Louis, Missouri 63105
(314) 721-7701 (telephone)
(314) 721-0554 (facsimile)
mcmichael@capessokol.com
mckown@capessokol.com

***Attorneys for Defendants Riverdale Packaging Corporation and Lora Property Investments, LLC***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on this 22nd day of May, 2026.

*/s/ Zachary R. McMichael*

# INSURANCE BENEFITS ASSIGNMENT AGREEMENT

THIS INSURANCE BENEFITS ASSIGNMENT AGREEMENT (this "Agreement") dated as of June 11, 2024 (the "Effective Date"), is by and between Lora Property Investments, LLC, a Missouri limited liability company and Riverdale Packaging Corp, a Missouri corporation ("Assignor"), and WOMBAT ACQUISITIONS LLC , a DELAWARE ("Assignee").

WHEREAS, Lora Property Investments, LLC, as Seller, and. Assignee as Purchaser, have entered into that certain Sale Contract dated as of May 17, 2024 (the "Sale Contract"), relating to that certain property located at 4501-4501R Gustine Blvd, St. Louis MO 63116, which Sale Contract provides for, among other things, the transfer and sale by Assignor to Assignee of the Insurance Benefits (capitalized terms used herein and otherwise not defined shall have the meaning given in the Sale Contract); and

WHEREAS, Assignor desires to assign to Assignee all of Assignor's right, title and interest in and to the Insurance Benefits [including, without limitation, as more particularly listed in Exhibit A attached hereto] (collectively, the "Assigned Rights");

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor and Assignee agree as follows:

1. Assignment. Assignor does hereby convey and assign to Assignee, its successors and assigns, all of Assignor's right, title and interest in and to the Assigned Rights (and Assignor covenants to reasonably cooperate with Assignee to secure performance by any insurer for any claims for benefits under such Assigned Rights but which cooperation shall not include (i) hiring an attorney, public adjuster, appraiser or any other third party at the direction of Assignee, (ii) shall be limited to those activities that are minimal in nature and shall not require the expenditure of funds by Assignor or any significant time involvement by Assignor); provided, however, that to the extent the assignment of any Assigned Right shall require the consent of any other party, this Agreement shall not constitute a contract to assign the same or any rights or liabilities thereunder if an attempted assignment thereof would cause a breach of the terms of the Assigned Right, and the assignment of such Assigned Right shall not be effective unless and until the consent of such other party shall have been obtained. Assignor shall not pay any deductibles to Assignee. It is acknowledged and agreed that the Assigned Rights being assigned by this Agreement does not include any insurance claims proceeds or benefits received by Assignor prior to the date of this Agreement. Assignor makes no representation or warranty as to the assignability of said Assigned Rights. Notwithstanding anything to the contrary contained herein, if repairs have been made to the Property by Assignor prior to the date of this Agreement which are covered under the existing insurance policy, Assignee shall allow the insurance company to pay said contractor directly in the same manner that said contractor has been getting paid prior to the date hereof.

2. Hold Harmless. Assignee agrees to hold harmless Assignor for any and all damages to the Property, as the Assignee knows these damages were caused as a result of forces beyond the Assignor's control while Assignor owned the Real Property. Assignee is buying the Property in an as-is condition with knowledge that these damages occurred prior to the real estate transaction. Assignee shall defend and indemnify Assignor and save it harmless from and against any and all claims, costs or expenses (including attorney fees) against or incurred by Assignor arising from (a) Assignee's pursuit of future insurance claims proceeds or benefits or (b) any litigation or arbitration expenses incurred in connection Assignee's pursuit of future insurance claims proceeds or benefits.

3. Permitted Claimant. Assignor agrees to allow **Javier Hinojo and his designees.** acting on behalf of the Assignee, to file insurance claims as described in Exhibit A in relation to the Property.

EXHIBIT A

Assignee is required to handle the entire claim process and assumes all costs and time associated with pursuing any claim(s). Assignor agrees they will reasonably cooperate with Assignee and Assignor's insurance company during the claim process in accordance with their insurance policy or policies terms and conditions. Assignor understands and agrees that the amount of the loss payable by the insurance company received from and after the date of this Agreement will be provided directly to Assignee for repairs to be made to the Property. If, after the date of this Agreement, a check is made payable to the Assignor for the loss payable, the Assignor agrees to immediately notify Assignee and provide all claim checks related to any and all claim(s) to Assignee. Assignor grants to Assignee a limited power of attorney to endorse insurance claim checks in the Assignee's name to process insurance claim settlement checks.

4. [This section is intentionally left blank]

5. Binding Agreement. The terms and conditions of this Agreement shall be binding upon and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

6. Interpretation. If there is any conflict as to the terms of this Agreement and the Sale Contract, the terms of the Sale Contract shall prevail. This Agreement only becomes valid upon the execution, completion and finalization of the Sale Contract.

7. Governing Law. This Assignment Agreement shall be governed by and construed in accordance with the laws of the State of the Property applicable to contracts made and performed entirely therein. Notwithstanding the foregoing, Assignor and Assignee agree that this Agreement is not governed by any law that specifically defines the requirements of an assignment of insurance benefits or an assignment of insurance claims. This Agreement shall be legally binding even if such assignment(s) are not enforceable under State law. If this Agreement is found to be unenforceable, all Insurance Benefits procured by Assignee or by an authorized agent as public adjuster on behalf of Assignee, shall belong to Assignee.

8. Headings. The headings of this Agreement are for reference only and shall not limit or define the meaning of any provision of this Agreement.

9. Counterparts. The parties agree that this Agreement may be executed by the parties in one or more counterparts and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

[SIGNATURE PAGE TO FOLLOW]

IN WITNESS WHEREOF, Assignor and Assignee have executed this Agreement as of the date set forth above.

ASSIGNOR:

Lora Property Investments, LLC,
a Missouri limited liability company

By: ______________________
Name: William Nottke
Title: Manager

Riverdale Packaging Corp,
a Missouri corporation

By: ______________________
Name: William Nottke
Title: President

ASSIGNEE:

Wombat Acquisitions LLC,
a Delaware LLC

By: ______________________
Name: ______________________
Title: ______________________

IN WITNESS WHEREOF, Assignor and Assignee have executed this Agreement as of the date set forth above.

ASSIGNOR:

Lora Property Investments, LLC,
a Missouri limited liability company

By: ______________________
Name: William Nottke
Title: Manager

Riverdale Packaging Corp,
a Missouri corporation

By: ______________________
Name: William Nottke
Title: President

ASSIGNEE:

Wombat Acquisitions LLC,
a Delaware LLC

By: ______________________
Name: ______________________
Title: ______________________

[EXHIBIT A

**LIST OF ASSIGNED RIGHTS]**

1. All rights, title, and interest in and to any and all insurance policy or policies held by Assignor during the entire period of time the Real Property was owned by Assignor, including any and all Insurance Benefits, that may become payable to Assignor as a result of damage to the Property by a covered peril under the Assignor's policy or policies of insurance during any active policy period transferred to Assignee as a portion of the consideration for the sale of the Property if and only to the extent that the same relate to future additional insurance proceeds which may be available from and after the date of this Agreement. Assignee shall have no rights with respect to any insurance proceeds received by Assignor prior to the date of this Agreement.
2. In particular Assigned Rights shall include insurance claims submitted by Assignor for insurance benefits due to the collapse of the roof of the Improvements prior to the execution, completion and finalization of the Sale Contract but only to the extent that the same relate to future additional insurance proceeds which may be available from and after the date of this Agreement.
3. In particular Assigned Rights shall include insurance claims to be filed by Assignee for Insurance Benefits as the result of hail damage, vandalism and water damage during the active policy period under the Assignor's policy or policies but only to the extent that the same relate to future additional insurance proceeds which may be available from and after the date of this Agreement.
4. Insurance policy or policies include the following policy or policies.

Insurance Company: Acuity Mutual Insurance Company
Type of Loss: Collapse
Date of loss: January 20, 2024
Policy No.: ZS1914
Claim No.: SG6882

Insurance Company: Acuity, A Mutual Insurance Company
Type of Loss: Storm Damage – hail, wind, and water intrusion
Date of loss: March 14, 2024
Policy No.: ZS1914
Claim No.: to be determined

Insurance Company: Acuity, A Mutual Insurance Company
Type of Loss: Vandalism
Date of loss: January 3, 2024
Policy No.: ZS1914
Claim No.: to be determined

Insurance Company: Acuity, A Mutual Insurance Company
Type of Loss: Water Damage
Date of loss: January 20, 2024
Policy No.: ZS1914
Claim No.: to be determined