UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RIVERDALE PACKAGING CORPORATION,<br><br>and<br><br>LORA PROPERTY INVESTMENTS, LLC<br><br>and<br><br>WOMBAT ACQUISITIONS LLC,<br><br>Defendants. | Case No.:  4:24-cv-01277 |

**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Acuity, a Mutual Insurance Company ("Acuity"), by and through its undersigned counsel of record, pursuant to 28 U.S.C. § 2201, and for its Second Amended Complaint for Declaratory Judgment states as follows:

**Parties, Jurisdiction, & Venue**

1.  Plaintiff Acuity, a corporation, is a foreign insurance company authorized to conduct business in Missouri.

2.  Plaintiff Acuity is incorporated in the State of Wisconsin with its primary business practice in Sheboygan, Wisconsin, such that it is a citizen of the State of Wisconsin.

3.  Riverdale Packaging, a corporation, is incorporated in the State of Missouri, with its primary business practice in St. Louis, Missouri, such that it is a citizen of the State of Missouri.

4.  Lora Property is a limited liability company that is organized in the State of Missouri, whose sole member, Bill Nottke (now deceased), was a resident of Missouri, and whose primary business practice is in St. Louis, Missouri, such that it is a citizen of the State of Missouri.

5.  Wombat Acquisitions is a limited liability company that is organized in the State of Delaware.

6.  Upon information and belief, Wombat Acquisitions is headquartered in Raleigh, North Carolina and its state of primary business practice is Missouri.

7.  Upon information and belief, no members or sub-members of Wombat Acquisitions are citizens of the state of Wisconsin.

8.  This action is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs and the action is between citizens of different states, in that: (1) Plaintiff Acuity is a citizen of Wisconsin, (2) Defendant Riverdale Packaging is a citizen of Missouri, (3) Defendant Lora Property is a citizen of Missouri, and (4)

2

upon information and belief, no member of Defendant Wombat Acquisitions is a citizen of Wisconsin.

9.  This action is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 2201(a) because this complaint seeks a judicial declaration of the rights, status, and legal relations of and among the parties regarding a contract of insurance and because an actual case and controversy of a justiciable nature exists among the parties.

10.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this dispute occurred within this federal judicial district.

11.  Pursuant to 28 U.S.C. § 1391(2), venue is proper in the Eastern Division of the Eastern District because a substantial part of the events or omissions giving rise to the claim occurred in St. Louis City County, which is in that judicial venue.

## Facts Common to All Counts

12.  Acuity issued Commercial Property Policy No. ZS1914, with effective dates of September 20, 2023, to August 22, 2024, ("the Policy") to insured to Riverdale Packaging.

13.  The Policy listed Lora Property as an additional named insured. Upon information and belief, Lora Property is a holding company for a building located at 4501 Gustine Avenue, St. Louis, Missouri 63116 (the "Building").

14.  The Policy provided, among other things, property damage coverage for the Building.

3

At Section L(2) of the Missouri Changes endorsement, the policy contains the following language:

[…] Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual Named insured.

[…]

15. On or about January 20, 2024, a portion of the roof of the Building collapsed due to rain, causing damage to the structure.

16. On or about January 21, 2024, Riverdale Packaging reported the claim to Acuity, which Acuity assigned the claim number SG6882 (the "Claim").

17. Since that time, Acuity has worked with the owner of its named insured, Riverside Packaging, to remediate and repair the property damage in accordance with the terms of the policy.

18. To date, Acuity has paid approximately $1,050,974.97 on the Claim, with a balance of $128,159.30 remaining on the repair estimate.

19. On April 30, 2024, Acuity was notified by Riverdale Packaging that it would likely be selling the Building.

20. On May 16, 2024, Lora Property and Wombat Acquisitions entered into an Insurance Benefits Assignment Agreement ("Assignment Agreement"), effective June 11, 2024, which purported to assign all rights, titles, and interests to the insurance benefits held by Riverdale Packaging's, including, the Policy and Claim, to Wombat Acquisitions.

4

21.  Acuity did not provide verbal or written consent to the Assignment Agreement.

22.  On information and belief, Wombat Acquisitions is wholly owned subsidiary of All States Equity Group.

23.  Beginning on or about June 15, 2024, a representative of All States Equity began contacting Acuity directly about the claim.

24.  The representative—who claimed Wombat now had the status of an insured by virtue of the assignment—began making numerous demands under the policy, and threatening Acuity with litigation.

25.  All States Equity further stated that it had its own general contractor that would be performing repairs associated with the Claim.

26.  On August 3, 2024, Acuity received an appraisal demand from All States Equity in the amount of $9,519,891.86.

## COUNT I: DECLARATORY JUDGMENT

27.  Plaintiff Acuity incorporates above paragraphs 1 through 28 as if fully set forth herein.

28.  Because Lora Property did not obtain prior written consent from Acuity for the Assignment Agreement, that agreement was executed in violation of a clear, unambiguous and enforceable term of the Policy.

29.  Because it constitutes a violation of the Policy, and because Acuity is not a party thereto, the Assignment Agreement is void and unenforceable against Acuity.

30.  Because the Assignment Agreement is void and unenforceable against Acuity, Acuity owes no obligations, contractual or otherwise, to Wombat Acquisitions in connection with the Claim.

WHEREFORE, Plaintiff Acuity respectfully requests this Court's judgment in favor of Acuity and against all defendants on Count I of this Complaint for Declaratory Judgment, along with the following declaration of this Court:

(a) The purported assignment of rights and benefits under the Policy from Lora Property to Wombat Acquisitions, without Acuity's prior approval, was a violation of a valid and enforceable term of the Policy;

(b) The above-referenced policy language prohibiting unauthorized transfers of Policy rights is a valid and enforceable contract term;

(c)  Acuity does not owe, and has never owed Wombat Acquisitions any duties, contractual or otherwise, under the Policy, including any duties associated with the Claim;

and for such additional relief as the Court deems appropriate under these circumstances.

Respectfully submitted,


BAKER STERCHI COWDEN & RICE LLC


 /s/ Michael W. Shunk
James R. Jarrow MO # 38686
Michael W. Shunk MO # 43841
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Tel: (816) 471-2121
Fax: (816) 472-0288
jarrow@bakersterchi.com
mshunk@bakersterchi.com
**Attorneys for Plaintiff Acuity,
a Mutual Insurance Company**

7