**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) | |
| | ) | Case No.: 4:24-cv-01277-MTS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RIVERDALE PACKAGING CORP., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED JOINT ANSWER OF DEFENDANTS RIVERDALE PACKAGING CORPORATION AND LORA PROPERTY INVESTMENTS, LLC TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Riverdale Packaging Corporation ("Riverdale") and Lora Property Investments, LLC ("Lora") (together with Riverdale as "Defendants"), by and through their undersigned counsel, for their Amended Joint Answer to Plaintiff Acuity, A Mutual Insurance Company's ("Acuity") Second Amended Complaint (the "Complaint"), state as follows:

**Parties, Jurisdiction & Venue**

1. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint and therefore deny the same.

2. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint and therefore deny the same.

3. Defendants admit the averments contained in Paragraph 3 of the Complaint.

4. Defendants admit the averments contained in Paragraph 4 of the Complaint.

5. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint and therefore deny the same.

6. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint and therefore deny the same.

7. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants admit the averments contained in Paragraph 8 of the Complaint.

9. Defendants state that the averments contained in Paragraph 9 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

10. Defendants admit the averments contained in Paragraph 10 of the Complaint.

11. Defendants admit the averments contained in Paragraph 11 of the Complaint.

**Facts Common to All Counts**

12. Defendants admit the averments contained in Paragraph 12 of the Complaint.

13. Defendants admit the averments contained in Paragraph 13 of the Complaint.

14. Defendants admit the averments contained in Paragraph 14 of the Complaint.

15. Defendants admit the averments contained in Paragraph 15 of the Complaint.

16. Defendants admit the averments contained in Paragraph 16 of the Complaint.

17. Defendants admit that they suffered a casualty entitling them to coverage under the insurance policy identified in the Complaint, but deny that the casualty was solely caused by rain and therefore denied all other averments contained in Paragraph 17 of the Complaint.

18. Defendants admit the averments contained in Paragraph 18 of the Complaint.

19. Defendants admit the averments contained in Paragraph 19 of the Complaint.

20. Defendants admit the averments contained in Paragraph 20 of the Complaint.

21. Defendants admit the averments contained in Paragraph 21 of the Complaint.

22. Defendants admit the averments contained in Paragraph 22 of the Complaint.

23. Defendants admit the averments contained in Paragraph 23 of the Complaint.

24. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 24 of the Complaint and therefore deny the same.

25. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 25 of the Complaint and therefore deny the same.

26. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 26 of the Complaint and therefore deny the same.

27. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 27 of the Complaint and therefore deny the same.

28. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 28 of the Complaint and therefore deny the same.

**COUNT I: DECLARATORY JUDGMENT**

29. Defendants incorporate by reference their above responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Defendants state that the averments contained in Paragraph 30 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

31. Defendants state that the averments contained in Paragraph 31 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

32. Defendants state that the averments contained in Paragraph 32 of the Complaint consist only of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants further state that they are a party to this case solely as nominal defendants, and take no position at this time as to whether any party is entitled to a declaration in this case.

## DEFENDANT/CROSSCLAIM PLAINTIFF RIVERDALE PACKAGING CORPORATION AND DEFENDANT/CROSSCLAIM PLAINTIFF LORA PROPERTY INVESTMENTS, LLC'S CROSSCLAIM AGAINST CROSSCLAIM DEFENDANT WOMBAT ACQUISITIONS, LLC

Defendant/Crossclaim Plaintiff Riverdale Packaging Corporation ("Riverdale") and Defendant/Crossclaim Plaintiff Lora Property Investments, LLC ("Lora"), by and through their undersigned counsel, pursuant to Rule 13(g), for their Crossclaim against Defendant/Crossclaim Defendant Wombat Acquisitions LLC ("Wombat"), state as follows:

### The Parties

1. Crossclaim Plaintiff Riverdale is a corporation incorporated under the laws of Missouri, with its principal place of business in Missouri.

2. Crossclaim Plaintiff Lora is a limited liability company organized under the laws of Missouri, with its principal place of business in Missouri.

3. Crossclaim Defendant Wombat is a limited liability company organized under the laws of Delaware. Upon information and belief, Wombat's principal place of business is in North Carolina.

### Jurisdiction

4. The Court has supplemental jurisdiction over this crossclaim pursuant to 28 U.S.C. § 1367 because the crossclaim arises from the same case or controversy as Plaintiff's claims.

### Facts Relevant to All Counts

5. On or about June 11, 2024, Lora sold the real property it owned at 4501 Gustine Blvd., in the City of St. Louis, Missouri to Wombat.

6. As part of that transaction, Riverdale, Lora, and Wombat entered into an Insurance Benefits Assignment Agreement, dated June 11, 2024 (the "Agreement").

7. A true and accurate copy of the Agreement is attached hereto as **Exhibit A**.

8. Pursuant to the Agreement, Riverdale and Lora agreed to "convey and assign" to Wombat all of their "right, title and interest in and to the Assigned Rights[,]" which are listed on Exhibit A to the Agreement, including its rights under Acuity insurance policy number ZS1914 (the "Insurance Policy").

9. Wombat agreed to "defend and indemnify" Riverdale and Lora "and save [them] harmless from and against any and all claims, costs, or expenses (including attorney fees) against or incurred by" Riverdale or Lora "arising from (a) [Wombat's] pursuit of future insurance claims proceeds or benefits or (b) any litigation or arbitration expenses incurred in connection with [Wombat's] pursuit of future insurance claims proceeds or benefits."

10. Thereafter, Wombat pursued future insurance claims and further proceeds from prior claims under the Insurance Policy.

11. In August 2024, Riverdale and Lora received a check in excess of $800,000.00 from Acuity pursuant to the Insurance Policy

12. In furtherance of the Agreement, Riverdale and Lora forwarded that check to Wombat.

13. In response, Acuity filed this declaratory judgment action and named Riverdale and Lora as defendants herein.

14. Riverdale and Lora have incurred in excess of $24,000 of attorneys' fees, costs, and expenses related to this litigation.

15. On February 3, 2026, Riverdale and Lora made demand on Wombat for indemnity in this case and reimbursement of fees incurred through that date.

16. Wombat did not respond.

17. On April 21, 2026, Riverdale and Lora inquired with Wombat regarding their demand for indemnification.

18. Wombat did not respond.

19. On April 28, 2026, Riverdale and Lora inquired with Wombat regarding their demand for indemnification and informed Wombat that if a response was not received, they would move the Court to allow them to file a crossclaim for indemnity.

20. Wombat did not respond.

**CROSSCLAIM I – CONTRACTUAL INDEMNITY**
(Wombat)

21. Riverdale and Lora incorporate by reference the allegations contained in paragraphs 1 through 20 of their crossclaim, as if fully set forth herein.

22. On June 11, 2024, Riverdale and Lora, on the first hand, and Wombat, on the second hand, entered into the Agreement, which required Wombat to indemnify Riverdale and Lora in this matter, including paying them their attorneys' fees incurred herein.

23. Despite demand, Wombat has failed to indemnify Riverdale and Lora.

24. Riverdale and Lora have incurred attorneys' fees and costs herein in excess of $24,000.00 and have a reasonable expectation that they will continue to incur fees through resolution of this matter.

WHEREFORE, Crossclaim Plaintiffs Riverdale Packaging Corporation and Lora Property Investments LLC, respectfully request that the Court enter judgment in their favor and against Wombat for indemnification in an amount to be determined at trial, for their attorneys' fees and costs, and for any other and further relief the Court deems just and proper under the circumstances.

**COUNT II – RESTITUTION**
(Wombat)
(In the alternative)

25. Riverdale and Lora incorporate by reference the allegations contained in paragraphs 1 through 20 of the crossclaim, as if fully set forth herein.

26. In the alternative, and only in the event that it is determined that the Agreement fails as a matter of law to create a binding contract between Riverdale, Lora, and Wombat, or is otherwise found to be null or void, Riverdale and Lora seek restitution of the funds paid to Wombat pursuant to the Agreement.

27. In August 2024, Riverdale and Lora, in reliance on the Agreement, provided Wombat with a check in excess of $800,000.00, which represented funds paid by Acuity under the Insurance Policy.

28. If the Agreement fails for any reason, and Wombat is not required to indemnify Riverdale and Lora, it would be unjust to allow Wombat to retain the benefits of the Agreement, namely the check sent by Riverdale and Lora to Wombat in August 2024, but also including any other amounts paid by, or assigned by, Riverdale and Lora to Wombat.

WHEREFORE, Crossclaim Plaintiffs Riverdale Packaging Corporation and Lora Property Investments LLC, respectfully request that the Court enter judgment in their favor and against Wombat for restitution and unjust enrichment in an amount to be determined at trial, for their attorneys' fees and costs, and for any other and further relief the Court deems just and proper under the circumstances.

Respectfully submitted:

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: _/s/ Zachary R. McMichael_
Zachary R. McMichael, #68251(MO)
Elizabeth W. McKown, #73484(MO)
8182 Maryland Ave., Fifteenth Floor
St. Louis, Missouri 63105
(314) 721-7701 (telephone)
(314) 721-0554 (facsimile)
mcmichael@capessokol.com
mckown@capessokol.com

***Attorneys for Defendants Riverdale Packaging Corporation and Lora Property Investments, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on this 11th day of June, 2026.

_/s/ Zachary R. McMichael_