# INSURANCE BENEFITS ASSIGNMENT AGREEMENT

THIS INSURANCE BENEFITS ASSIGNMENT AGREEMENT (this "Agreement") dated as of June 11, 2024 (the "Effective Date"), is by and between Lora Property Investments, LLC, a Missouri limited liability company and Riverdale Packaging Corp, a Missouri corporation ("Assignor"), and WOMBAT ACQUISITIONS LLC , a DELAWARE ("Assignee").

WHEREAS, Lora Property Investments, LLC, as Seller, and. Assignee as Purchaser, have entered into that certain Sale Contract dated as of May 17, 2024 (the "Sale Contract"), relating to that certain property located at 4501-4501R Gustine Blvd, St. Louis MO 63116, which Sale Contract provides for, among other things, the transfer and sale by Assignor to Assignee of the Insurance Benefits (capitalized terms used herein and otherwise not defined shall have the meaning given in the Sale Contract); and

WHEREAS, Assignor desires to assign to Assignee all of Assignor's right, title and interest in and to the Insurance Benefits [including, without limitation, as more particularly listed in Exhibit A attached hereto] (collectively, the "Assigned Rights");

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor and Assignee agree as follows:

1. Assignment. Assignor does hereby convey and assign to Assignee, its successors and assigns, all of Assignor's right, title and interest in and to the Assigned Rights (and Assignor covenants to reasonably cooperate with Assignee to secure performance by any insurer for any claims for benefits under such Assigned Rights but which cooperation shall not include (i) hiring an attorney, public adjuster, appraiser or any other third party at the direction of Assignee, (ii) shall be limited to those activities that are minimal in nature and shall not require the expenditure of funds by Assignor or any significant time involvement by Assignor); provided, however, that to the extent the assignment of any Assigned Right shall require the consent of any other party, this Agreement shall not constitute a contract to assign the same or any rights or liabilities thereunder if an attempted assignment thereof would cause a breach of the terms of the Assigned Right, and the assignment of such Assigned Right shall not be effective unless and until the consent of such other party shall have been obtained. Assignor shall not pay any deductibles to Assignee. It is acknowledged and agreed that the Assigned Rights being assigned by this Agreement does not include any insurance claims proceeds or benefits received by Assignor prior to the date of this Agreement. Assignor makes no representation or warranty as to the assignability of said Assigned Rights. Notwithstanding anything to the contrary contained herein, if repairs have been made to the Property by Assignor prior to the date of this Agreement which are covered under the existing insurance policy, Assignee shall allow the insurance company to pay said contractor directly in the same manner that said contractor has been getting paid prior to the date hereof.

2. Hold Harmless. Assignee agrees to hold harmless Assignor for any and all damages to the Property, as the Assignee knows these damages were caused as a result of forces beyond the Assignor's control while Assignor owned the Real Property. Assignee is buying the Property in an as-is condition with knowledge that these damages occurred prior to the real estate transaction. Assignee shall defend and indemnify Assignor and save it harmless from and against any and all claims, costs or expenses (including attorney fees) against or incurred by Assignor arising from (a) Assignee's pursuit of future insurance claims proceeds or benefits or (b) any litigation or arbitration expenses incurred in connection Assignee's pursuit of future insurance claims proceeds or benefits.

3. Permitted Claimant. Assignor agrees to allow **Javier Hinojo and his designees**, acting on behalf of the Assignee, to file insurance claims as described in Exhibit A in relation to the Property.

EXHIBIT A

Assignee is required to handle the entire claim process and assumes all costs and time associated with pursuing any claim(s). Assignor agrees they will reasonably cooperate with Assignee and Assignor's insurance company during the claim process in accordance with their insurance policy or policies terms and conditions. Assignor understands and agrees that the amount of the loss payable by the insurance company received from and after the date of this Agreement will be provided directly to Assignee for repairs to be made to the Property. If, after the date of this Agreement, a check is made payable to the Assignor for the loss payable, the Assignor agrees to immediately notify Assignee and provide all claim checks related to any and all claim(s) to Assignee. Assignor grants to Assignee a limited power of attorney to endorse insurance claim checks in the Assignee's name to process insurance claim settlement checks.

4. [This section is intentionally left blank]

5. Binding Agreement. The terms and conditions of this Agreement shall be binding upon and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

6. Interpretation. If there is any conflict as to the terms of this Agreement and the Sale Contract, the terms of the Sale Contract shall prevail. This Agreement only becomes valid upon the execution, completion and finalization of the Sale Contract.

7. Governing Law. This Assignment Agreement shall be governed by and construed in accordance with the laws of the State of the Property applicable to contracts made and performed entirely therein. Notwithstanding the foregoing, Assignor and Assignee agree that this Agreement is not governed by any law that specifically defines the requirements of an assignment of insurance benefits or an assignment of insurance claims. This Agreement shall be legally binding even if such assignment(s) are not enforceable under State law. If this Agreement is found to be unenforceable, all Insurance Benefits procured by Assignee or by an authorized agent as public adjuster on behalf of Assignee, shall belong to Assignee.

8. Headings. The headings of this Agreement are for reference only and shall not limit or define the meaning of any provision of this Agreement.

9. Counterparts. The parties agree that this Agreement may be executed by the parties in one or more counterparts and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

[SIGNATURE PAGE TO FOLLOW]

IN WITNESS WHEREOF, Assignor and Assignee have executed this Agreement as of the date set forth above.

ASSIGNOR:

Lora Property Investments, LLC,
a Missouri limited liability company

By: ______________________
Name: William Nottke
Title: Manager

Riverdale Packaging Corp,
a Missouri corporation

By: ______________________
Name: William Nottke
Title: President

ASSIGNEE:

Wombat Acquisitions LLC,
a Delaware LLC

By: ______________________
Name: ______________________
Title: ______________________

IN WITNESS WHEREOF, Assignor and Assignee have executed this Agreement as of the date set forth above.

ASSIGNOR:

Lora Property Investments, LLC,
a Missouri limited liability company

By: ___________________________
Name: William Nottke
Title: Manager

Riverdale Packaging Corp,
a Missouri corporation

By: ___________________________
Name: William Nottke
Title: President

ASSIGNEE:

Wombat Acquisitions LLC,
a Delaware LLC

By: ___________________________
Name: ___________________________
Title: ___________________________

[EXHIBIT A

**LIST OF ASSIGNED RIGHTS]**

1. All rights, title, and interest in and to any and all insurance policy or policies held by Assignor during the entire period of time the Real Property was owned by Assignor, including any and all Insurance Benefits, that may become payable to Assignor as a result of damage to the Property by a covered peril under the Assignor's policy or policies of insurance during any active policy period transferred to Assignee as a portion of the consideration for the sale of the Property if and only to the extent that the same relate to future additional insurance proceeds which may be available from and after the date of this Agreement. Assignee shall have no rights with respect to any insurance proceeds received by Assignor prior to the date of this Agreement.
2. In particular Assigned Rights shall include insurance claims submitted by Assignor for insurance benefits due to the collapse of the roof of the Improvements prior to the execution, completion and finalization of the Sale Contract but only to the extent that the same relate to future additional insurance proceeds which may be available from and after the date of this Agreement.
3. In particular Assigned Rights shall include insurance claims to be filed by Assignee for Insurance Benefits as the result of hail damage, vandalism and water damage during the active policy period under the Assignor's policy or policies but only to the extent that the same relate to future additional insurance proceeds which may be available from and after the date of this Agreement.
4. Insurance policy or policies include the following policy or policies.

Insurance Company: Acuity Mutual Insurance Company
Type of Loss: Collapse
Date of loss: January 20, 2024
Policy No.: ZS1914
Claim No.: SG6882

Insurance Company: Acuity, A Mutual Insurance Company
Type of Loss: Storm Damage – hail, wind, and water intrusion
Date of loss: March 14, 2024
Policy No.: ZS1914
Claim No.: to be determined

Insurance Company: Acuity, A Mutual Insurance Company
Type of Loss: Vandalism
Date of loss: January 3, 2024
Policy No.: ZS1914
Claim No.: to be determined

Insurance Company: Acuity, A Mutual Insurance Company
Type of Loss: Water Damage
Date of loss: January 20, 2024
Policy No.: ZS1914
Claim No.: to be determined



**WOMBAT 000395**