UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ACUITY, A MUTUAL INSURANCE
COMPANY,

        Plaintiff,

    v.

RIVERDALE PACKAGING
CORPORATION,

and

LORA PROPERTY INVESTMENTS,
LLC

and

WOMBAT ACQUISITIONS LLC,

        Defendants.

Case No.: 4:24-cv-01277

## ACUITY'S ANSWER TO WOMBAT'S AMENDED COUNTERCLAIM

COMES NOW plaintiff Acuity, by and through its undersigned counsel of record, and pursuant to Rules 7(a)(3) and 15(a)(3), submits the following answer to Wombat's amended counterclaim.

### Parties and Jurisdiction

1. The answering defendant admits the allegations in paragraph 1.

2. In response to paragraph 2, the answering party denies the contention that the parties are non-diverse. Nevertheless, the answering party does not contest this Court's jurisdiction over the counterclaim.

3. The answering defendant admits the allegations in paragraph 3.

### Facts

4. The answering defendant admits the allegations in paragraph 4.

5. In response to paragraph 5, upon information and belief, the subject building was owned by defendant Lora Property Investments, LLC. However, both Riverdale Packaging Co. and Lora Property Investments, LLC are identified as named insureds under the subject policy. Otherwise, it denies the remaining averments in Paragraph numbered 5.

6. The answering defendant denies the allegations in paragraph 6.

7. The answering defendant admits the allegations in paragraph 7.

8. In response to paragraph 8, the answering defendant admits that a portion of the roof collapsed on or about January 20, 2024, but denies the remaining allegations in paragraph 8.

9. In response to paragraph 9, the answering defendant admits that Mr. Nottke or some other representative of Riverdale provided notice of the claim on or about January 21, 2024, but denies the remaining allegations in paragraph 9.

10. In response to paragraph 10, the answering defendant admits that it the claim was assigned to Dave Jostes, but denies the remaining allegations in paragraph 10.

11. The answering defendant denies the allegations in paragraph 11.

12. The answering defendant denies the allegations in paragraph 12.

13. The answering defendant denies the allegations in paragraph 13.

14. The answering defendant denies the allegations in paragraph 14.

15. The answering defendant denies the allegations in paragraph 15.

16. The answering defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 16, and therefore denies same.

17. The answering defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 17, and therefore denies same.

18. In response to paragraph 18, the answering defendant admits that Acuity's adjuster was notified of the subject assignment, but denies the remaining allegations in paragraph 18.

19. The answering defendant denies the allegations in paragraph 19.

20. The answering defendant denies the allegations in paragraph 20.

21. The answering defendant denies the allegations in paragraph 21.

22. The answering defendant denies the allegations in paragraph 22.

23. The answering defendant denies the allegations in paragraph 23.

24. The answering defendant admits the allegations in paragraph 24.

25. The answering defendant denies the allegations in paragraph 25.

26. The answering defendant denies the allegations in paragraph 26.

27.  The answering defendant denies the allegations in paragraph 27.

28.  The answering defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 28, and therefore denies same.

29.  The answering defendant denies the allegations in paragraph 29.

30.  The answering defendant denies the allegations in paragraph 30.

31.  The answering defendant denies the allegations in paragraph 31.

32.  The answering defendant denies the allegations in paragraph 32.

33.  The answering defendant denies the allegations in paragraph 33.

34.  The answering defendant denies the allegations in paragraph 34.

35.  The answering defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 35, and therefore denies same.

36.  The answering defendant denies the allegations in paragraph 36.

37.  The answering defendant denies the allegations in paragraph 37.

38.  The answering defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 38, and therefore denies same.

39.  The answering defendant admits the allegations in paragraph 39.

40.  The answering defendant admits the allegations in paragraph 40.

41.  The answering defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 41 because it is not

clear what is meant by "advance a proof-of-loss rationale", and therefore denies same.

42. In response to paragraph 42, the answering defendant states that this is a statement of law, the accuracy of which is denied to extent it varies from, or is in any way contrary to, Missouri law on the subject.

43. The answering defendant denies the allegations in paragraph 43.

## Count I: Breach of Contract

44. In response to paragraph 1, the answering defendant incorporates by reference his above responses to paragraphs 1 through 44.

45. The answering defendant admits the first sentence of paragraph 45, and denies that the insured complied with all policy conditions.

46. The answering defendant denies the allegations in paragraph 46.

47. The answering defendant denies the allegations in paragraph 47.

48. The answering defendant denies the allegations in paragraph 48.

## Count II: Vexatious Refusal to Pay

49. In response to paragraph , the answering defendant incorporates by reference his above responses to paragraphs 1 through 48.

50. In response to paragraph 50, the answering defendant states that this is a statement of law, the accuracy of which is denied to extent it varies from, or is in any way contrary to, Missouri law on the subject.

51. The answering defendant denies the allegations in paragraph 51, including subparts.

52.  In response to paragraph 52 (including subparts), the answering defendant states that this is a statement of law, the accuracy of which is denied to extent it varies from, or is in any way contrary to, Missouri law on the subject.

53.  The answering defendant denies the allegations in paragraph 53, including subparts.

54.  The answering defendant denies the allegations in paragraph 54.

### Affirmative Defenses

1.  Wombat's counterclaim fails to state a claim upon which relief can be granted.

2.  Counterclaim plaintiff Wombat lacks standing to assert a claim for vexatious refusal to pay because it is not an insured under the subject policy.

3.  The premise of Wombat's counterclaim—that claim benefits were validly assigned to Wombat—is denied because any such assignment was expressly prohibited by the following language of the insurance agreement between Acuity and its named insured:

> Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

WHEREFORE, having fully answered Wombat's counterclaim, for the foregoing reasons, plaintiff Acuity, respectfully requests this Court's order dismissing all counts with prejudice, for court costs, and for such additional relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

6

BAKER STERCHI COWDEN & RICE LLC

/s/ Michael Shunk
James R. Jarrow MO # 38686
Michael W. Shunk MO # 43841
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Tel: (816) 471-2121
jarrow@bakersterchi.com
mshunk@bakersterchi.com
ATTORNEYS FOR PLAINTIFF ACUITY,
A MUTUAL INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on July 13, 2026.

/s/ Michael Shunk

7