**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION**

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>RIVERDALE PACKAGING CORPORATION,<br>LORA PROPERTY INVESTMENTS, LLC, and<br>WOMBAT ACQUISITIONS LLC,<br>Defendants.<br>______________________________<br>WOMBAT ACQUISITIONS LLC,<br>Counter-Claim Plaintiff,<br>v.<br>ACUITY, A MUTUAL INSURANCE COMPANY,<br>Counter-Claim Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:24-cv-01277-MTS |

**DEFENDANT WOMBAT ACQUISITIONS LLC'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER RULES 12(C) AND 12(H)(2)(B), AND, IN THE ALTERNATIVE, TO DECLINE REDUNDANT DECLARATORY RELIEF UNDER 28 U.S.C. § 2201**

COMES NOW Defendant Wombat Acquisitions LLC ("Wombat"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(c) and 12(h)(2)(B), respectfully moves this Court for partial judgment on the pleadings: for partial judgment in Wombat's favor on Count I (Declaratory Judgment) of Plaintiff Acuity's Second Amended Complaint for Declaratory Judgment (Doc. 114), for an adjudication that Acuity's third affirmative defense (Doc. 121) is legally insufficient to the same extent and that its second affirmative defense is legally insufficient to the limited extent stated below, and, in the alternative, to decline separate declaratory relief on Count I under 28 U.S.C. § 2201, and states as follows:

1. **The motion is ripe.** The pleadings are closed: the operative pleading is Acuity's Second Amended Complaint (Doc. 114, filed June 9, 2026); Wombat answered and asserted affirmative defenses and a two-count counterclaim (Doc. 118, filed July 3, 2026); and

Acuity answered the counterclaim (Doc. 121, filed July 13, 2026), the last pleading due under Fed. R. Civ. P. 7(a). Jury trial is set for February 1, 2027, and the Court's Fourth Amended Case Management Order sets the dispositive-motions deadline at August 14, 2026 (Doc. 106). This motion is filed within the Rule 12(c) window and the Court's dispositive-motions deadline.

2. **First ground (the merits):** on the face of Acuity's own complaint, Missouri law forecloses the only theory Count I pleads. Acuity pleads that the loss occurred on or about January 20, 2024 (Doc. 114 ¶ 15), that the Assignment Agreement was executed May 16, 2024, effective June 11, 2024 (Doc. 114 ¶ 20), and that Acuity did not consent (Doc. 114 ¶ 21) — a post-loss assignment of an accrued claim, which does not violate a policy anti-transfer provision under *Magers v. Nat'l Life & Accident Ins. Co.*, 329 S.W.2d 752, 756 (Mo. banc 1959), *Bowden v. Am. Mod. Home Ins. Co.*, 658 S.W.3d 86 (Mo. Ct. App. 2022), and *Ocean Accident & Guar. Corp. v. Sw. Bell Tel. Co.*, 100 F.2d 441, 444–46 (8th Cir. 1939) (applying Missouri law). Count I's sole theory (Doc. 114 ¶¶ 28–30, Prayer (a)–(c)) therefore fails as a matter of law, and Wombat is entitled to partial judgment that Section L(2) of the Policy's Missouri Changes endorsement did not, by itself, invalidate the Assignment Agreement insofar as that agreement transferred the claim arising from the January 20, 2024 loss.

3. **Second ground (Rule 12(h)(2)(B)):** the identical theory pleaded defensively fails with it. Acuity's third affirmative defense (Doc. 121, Affirmative Defense No. 3) asserts the same Section L(2) invalidity proposition as Count I and is legally insufficient for the same reason. Acuity's second affirmative defense (Doc. 121, Affirmative Defense No. 2) is legally insufficient insofar as it asserts that Wombat's lack of named-insured status, standing alone, precludes an assigned claim under Mo. Rev. Stat. § 375.420. *Still v. Travelers Indem. Co.*, 374 S.W.2d 95, 103 (Mo. 1963); *Citicorp Indus. Credit, Inc. v. Fed. Ins. Co.*, 672 F. Supp. 1105, 1108 (N.D. Ill. 1987) (nonbinding, out-of-circuit district court applying Missouri law). Rule 12(g)(2) does not bar this motion: its limitation on successive

motions is expressly subject to Rule 12(h)(2), which preserves both failure to state a claim and failure to state a legal defense for presentation under Rule 12(c).

4. **Alternative relief:** exactly as pleaded (Doc. 118, Answer ¶ 9; AD ¶¶ 37–38), Wombat asks in the alternative that the Court decline to entertain Count I as a separate claim for declaratory relief under the discretion conferred by 28 U.S.C. § 2201. Adjudicating Wombat's coercive counterclaims and Acuity's anti-transfer defense will resolve the same Section L(2) issue and afford complete relief concerning it, so Count I adds no distinct controversy and no distinct remedy. Wombat does not contend that an anticipatory declaratory action is categorically improper merely because it would resolve a defense, and Wombat does not rely on procedural fencing.

5. A memorandum of law in support of this motion is filed herewith.

**WHEREFORE**, Defendant Wombat Acquisitions LLC respectfully requests that this Court: (1) enter partial judgment on the pleadings in Wombat's favor on Count I of the Second Amended Complaint for Declaratory Judgment (Doc. 114), to the extent Count I alleges that Section L(2) invalidated the transfer of the claim arising from the January 20, 2024 loss; (2) adjudge that Section L(2) of the Policy's Missouri Changes endorsement did not, by itself, invalidate the Assignment Agreement insofar as that agreement transferred the claim arising from that loss; (3) adjudge Acuity's third affirmative defense (Doc. 121, Affirmative Defense No. 3) legally insufficient to the same extent, and adjudge only that Wombat's lack of named-insured status, standing alone, is not a categorical bar to a claim under Mo. Rev. Stat. § 375.420 otherwise properly conveyed and established; (4) expressly leave unresolved the amount of loss, the scope of the assignment beyond the post-loss claim, compliance with policy conditions, appraisal, breach, reasonable cause, damages, and Acuity's other defenses; and (5) alternatively, decline separate declaratory relief on Count I and dismiss that count as redundant of the counterclaims and defenses through which the same Section L(2) issue will be adjudicated. Nothing in this motion seeks dismissal of Wombat's counterclaims (Doc. 118, Counts I–II), which remain pending subject to the jurisdictional bases and allegations applicable to them.

Respectfully submitted,

**OTT LAW FIRM**

____/s/ Joseph A. Ott____
Joseph A. Ott, #67889(MO)
75 W. Lockwood Avenue
Webster Groves, MO 63119
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law
*Attorneys for Defendant Wombat Acquisitions LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 14, 2026, the foregoing document was filed electronically with the Clerk of Court using the Court's CM/ECF system, which will send a notification of such filing to all counsel of record, including:

**Michael W. Shunk**

**James R. Jarrow**

Baker Sterchi Cowden & Rice LLC

2400 Pershing Road, Suite 500

Kansas City, Missouri 64108

mshunk@bakersterchi.com

jarrow@bakersterchi.com

*Attorneys for Plaintiff Acuity, A Mutual Insurance Company*

**Zachary R. McMichael**

**Elizabeth Wood McKown**

Capes Sokol

mcmichael@capessokol.com

mckown@capessokol.com

*Attorneys for Defendants Riverdale Packaging Corporation and Lora Property Investments LLC*

**Jeremy D. Hollingshead**

jhollingshead@hdtriallawyers.com

____/s/ Joseph A. Ott____