UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RIVERDALE PACKAGING CORPORATION,<br><br>and<br><br>LORA PROPERTY INVESTMENTS, LLC<br><br>and<br><br>WOMBAT ACQUISITIONS LLC,<br><br>Defendants. | Case No.: 4:24-cv-01277 |

**PLAINTIFF ACUITY'S SUGGESTIONS IN OPPOSITION TO WOMBAT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS, AND IN THE ALTERNATIVE, TO DECLINE REDUNDANT DECLARATORY RELIEF**

COMES NOW Plaintiff Acuity, by and through counsel, and pursuant to Local Rule IV(B) and submits the following suggestions in opposition to Defendant Wombat's Motion for Partial Judgment on the Pleadings, and in the Alternative to Decline Redundant Declaratory Relief.

# TABLE OF CONTENTS

**Introduction** .......... 1

**A. The Complaint and Affirmative Defenses** .......... 2

**B. Allegations Taken as True** .......... 4

**C. Request for Alternative Relief** .......... 4

# TABLE OF AUTHORITIES

Cases

*Advance-Rumely Thresher Co. v. Jackson*, 287 U.S. 283, 288, 53 S.Ct. 133 (1932) .......... 2
*Franta v. Hodge*, 302 S.W.2d 291, 293 (Mo. App. 1957) .......... 3
*Govero v. Standard Oil Co.*, 192 F.2d. 962, 965 (Mo. App. 1951) .......... 3
*Hines v. Government Employees Ins. Co.* .......... 3
*Pancoast v. Dinsmo*re, 75 Atl. 43, 45 (Me. 1909) .......... 3

**Introduction**

To untangle Wombat's arguments, a brief procedural recap is warranted. Acuity filed its complaint for declaratory judgment arguing that Riverdale's purported post-loss assignment of its insurance claim was not valid or enforceable under Missouri law. As a result, Acuity seeks a legal declaration that it has no obligations to Wombat—contractual or otherwise.

Acuity filed its Motion for Summary Judgment, (Doc.#082) establishing there are no genuine issues of material fact, and that Acuity is entitled to judgment as a matter of law. The parties then filed scores of pages with the Court advancing their respective arguments on the **legal issue** of whether a post-loss assignment made without the required written permission —under the **undisputed** facts of this case—is valid and enforceable against the insurance carrier. That Motion was fully briefed and remains pending before the Court.

Now here we are again, only this time Wombat is seeking judgment as a matter of law based on the Petition, as amended. The issues raised by Defendant's Motion are redundant of the issues set forth in Acuity's Motion for Summary Judgment.

Wombat's Motion begs the question as to whether the post-loss assignment is valid and enforceable under Missouri law. That is a question that the Court is going to decide in ruling on the Plaintiff's Motion for Summary Judgment. If Plaintiff's summary judgment motion is denied, then there must be a fact issue to be decided by jury as the trier of fact. Wombat's Moton is then, by its nature superfluous, and should be denied for the same reasons. Moreover, Wombat's Motion fails for yet another reason, namely that the allegations in Plaintiff's Petition, as amended, are taken as true for the purpose of a judgment on the pleadings.

**A. The Complaint and Affirmative Defenses**

Wombat gives separate treatment to the facts set forth in Acuity's Complaint and in two of Acuity's affirmative defenses to Wombat's counterclaim. But they are all the same thing. They all state, in one form or another, that Acuity owes no obligation to Wombat because Wombat is not an insured on the policy and because the policy does not permit a post loss transfer of rights without Acuity's written consent. No written consent was ever given. That is the central issue to be decided by Acuity's Motion for Summary Judgment.

Wombat argues that all facts necessary to find in favor of Wombat are set forth in Acuity's own pleadings. Acuity agrees that all the material facts are undisputed, and that is why it filed Plaintiff's Motion for Summary Judgment. To the extent Wombat's Motion requires this Court to decide if Acuity is bound by the post-loss assignment, the Court is referred to the facts and legal arguments set forth in Acuity's Motion for Summary Judgment, incorporated by reference.

"In determining the validity of a legislative declaration that a contract is contrary to public policy, regard is to be had to the general rule that competent persons shall have the utmost liberty of contracting and that it is only where enforcement conflicts with dominant public interests that one who has had the benefit of performance by the other party to a contract will be permitted to avoid his own promise." *Advance-Rumely Thresher Co. v. Jackson*, 287 U.S. 283, 288, 53 S.Ct. 133 (1932).

It is well established under Missouri law that if a party is seeking to avoid the language in a contract, that burden falls on the party making such a claim. Here, the party making the claim that the contractual language should not apply is Defendant Wombat. Thus, Wombat bears the burden of proof. It is important to understand that before entering into a contract, both parties to the contract consider who they are doing business with. For the insurance company, this includes

an underwriting analysis of the potential future insured. Here, Wombat was not the potential future insured that Acuity investigated. Rather, it was Riverdale. This commonsense reason is why post-loss assignments are improper. Because as is the case here, the entity has serious issues.

The right to contract includes the right to choose the party on the other end of the agreement. "A party has a right to select and determine with whom he will contract and cannot have another party thrust upon him without his consent." *Franta v. Hodge*, 302 S.W.2d 291, 293 (Mo. App. 1957) (citing with approval *Pancoast v. Dinsmo*re, 75 Atl. 43, 45 (Me. 1909). "It may be of importance to him who prefers the contract. Id. He may contract with whom he pleases and the sufficiency of his reasons for so doing cannot be inquired into." *Franta* at 293.

In *Hines v. Government Employees Ins. Co.*, the Missouri Supreme Court the court was presented with the issue of whether it was appropriate—notwithstanding policy language to the contrary—to extend statutorily mandated uninsured motorist protection beyond the vehicle in which the insured was riding at the time of the accident. In refusing to do so, the court explained:

> We made an exception to the normal rule of freedom of contract because of this policy. The implied restriction, however, should not go further than is strictly necessary to serve the statutory policy. […] We simply conclude that the courts should not limit freedom of contract under the circumstances shown by this record.
> *Hines*, 656 S.W.2d 262, 265 (Mo. 1983).

"There is no rule of public policy which denies effect to [the contracting parties'] expressed intention, but, on the contrary, as the matter lies within the range of permissible agreement, the highest public policy is found in the enforcement of the contract which was actually made." (Emphasis added.) *Govero v. Standard Oil Co.*, 192 F.2d. 962, 965 (Mo. App. 1951).

Likewise, this court should not infringe on Acuity's contractual right to select its insured. Nor should the Court rewrite the insurance policy by completely striking out the anti-assignment

provision. Notwithstanding any public policy that favors the assignment, that policy must yield to the much more fundamental policy that favors freedom of contract.

To be clear, Acuity has not denied coverage and it is not trying to get out of paying this claim. Instead, Acuity has paid more than $1.5 million to its insured for damages attributable to the roof collapse, and it has not ruled out the possibility of paying more if doing so is warranted under the facts. Acuity merely wants to do business with the party who applied for and was approved for the policy. And for reasons made obvious from the moment Michael Paul and Wombat entered the picture, it does not want to be forced into a business relationship with a complete stranger.

If Acuity's Complaint for Declaratory Judgment is granted, Wombat is not an insured under the policy, and it has no standing to make a claim for vexatious refusal to pay or breach of contract. As such the Court should also enter judgment in favor of Acuity on all counts in Wombat's counterclaim.

**B. Allegations Taken as True**

Wombat's Motion fails to consider that in considering a Motion on the Pleadings, the allegations in the Petition, as amended, are taken as true in the light most favorable to the non-moving party. Thus, taking the allegations in the Petition, as amended as true, Wombat's Motion fails.

**C. Request for Alternative Relief**

Section IV of Wombat's motion, which includes vague terms and phrases like "categorial proposition", "procedural fencing" and "coercive claims", makes no sense and reads like an A.I. fever dream. Counsel for Acuity is at a complete loss for how to address it.

Wherefore, for the foregoing reasons, plaintiff Acuity respectfully requests this Court's Order denying Wombat's Motion, and for such additional relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC

*/s/ James R. Jarrow*

James R. Jarrow MO # 38686
Michael W. Shunk MO # 43841
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Tel: (816) 471-2121
Fax: (816) 472-0288
jarrow@bakersterchi.com
mshunk@bakersterchi.com
ATTORNEYS FOR PLAINTIFF ACUITY,
A MUTUAL INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on all parties of record by operation of the Court's electronic case filing and case management system on September 11, 2026.

*/s/ James R. Jarrow*