**From:** Zachary R. McMichael
**To:** "Joseph Ott"
**Subject:** RE: Call
**Date:** Wednesday, July 29, 2026 9:26:00 AM

Great. I have the signed statement of loss. I can send to you once my client receives the check for previous fees.
-Z

**From:** Joseph Ott <joe@ott.law>
**Sent:** Wednesday, July 29, 2026 9:13 AM
**To:** Zachary R. McMichael <McMichael@capessokol.com>
**Subject:** Re: Call

That looks good to me Zach. My client approved yesterday, sorry for the delay.

On Fri, Jul 24, 2026 at 9:35 AM Zachary R. McMichael <McMichael@capessokol.com> wrote:

> Joe,
>
> Here is my first stab at this. While I don't think we are going to have any real issues on the damages part, I think this gives us a fair way to resolve any issues that may come up. I need to run this by my client once you and I have agreement on the form and substance, but I don't think that will be an issue.
>
> -Zach
>
> **Zachary R. McMichael**
> Capes Sokol • *Shareholder*
>
> **From:** Joseph Ott <joe@ott.law>
> **Sent:** Wednesday, July 22, 2026 8:21 PM
> **To:** Zachary R. McMichael <McMichael@capessokol.com>
> **Subject:** Re: Call
>
> Zach,
>
> We are all agreed on this. Please send over proposed language for the proposed consent judgement.
>
> **Joseph Ott**
> **Attorney, Ott Law Firm**
> **Office:** 3142933756 |**Direct:** 3143039360 | Ott.law | joe@ott.law
> 75 W. Lockwood Avenue, Webster Groves MO 63119

EXHIBIT
C

On Tue, Jul 21, 2026 at 2:22 PM Zachary R. McMichael <McMichael@capessokol.com> wrote:

Joe,

I was able to connect with my client this morning. We will complete the sworn proof of loss form and send it to you on two conditions. First, I need to receive a check from Wombat for the $25,525.00 for my client's attorneys' fees through May 31, 2026, pursuant to the Agreement. Second, we require a consent judgment on our counterclaim. Unfortunately, my client does not believe that if it continues to cooperate in this matter, that Wombat will uphold the terms of its agreement to indemnify my client. We are fine with a consent judgment as to liability on Count I and waiver of jury trial on damages on that count. We will ask the Court to voluntarily dismiss Count II.

Please let me know.

-Zach

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) | |
| | ) | Case No.: 4:24-cv-01277-MTS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RIVERDALE PACKAGING CORP., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**CONSENT JUDGMENT ON LIABILITY AS TO CROSSCLAIM DEFENDANT WOMBAT ACQUISITIONS, LLC**

Crossclaim Plaintiffs Riverdale Packaging Corporation ("Riverdale") and Lora Property Investments, LLC ("Lora") (together, "Crossclaim Plaintiffs"), and Crossclaim Defendant Wombat Acquisitions, LLC ("Wombat"), by and through their respective undersigned counsel, having reached agreement as to the entry of judgment on the issue of liability with respect to Crossclaim Plaintiffs' claim for contractual indemnity, hereby stipulate and consent to the entry of this Consent Judgment on Liability, and state as follows:

WHEREAS, Plaintiff Acuity, A Mutual Insurance Company ("Acuity") commenced this action seeking declaratory relief, and named Riverdale and Lora among the Defendants;

WHEREAS, in their Amended Joint Answer to Plaintiff's Second Amended Complaint, Riverdale and Lora asserted a crossclaim against Wombat pursuant to Federal

Rule of Civil Procedure 13(g), including a claim for contractual indemnity (Crossclaim I);

WHEREAS, the crossclaim for contractual indemnity arises out of the Insurance Benefits Assignment Agreement, dated June 11, 2024 (the "Agreement"), among Riverdale, Lora, and Wombat, under which Wombat agreed to defend and indemnify Riverdale and Lora, and to save them harmless from and against any and all claims, costs, or expenses (including attorney fees) against or incurred by Riverdale or Lora arising from Wombat's pursuit of future insurance claims proceeds or benefits, or any litigation or arbitration expenses incurred in connection with such pursuit;

WHEREAS, Crossclaim Plaintiffs and Wombat have agreed to resolve the issue of Wombat's liability on the contractual indemnity crossclaim by consent, while reserving the issue of the amount of damages for determination at trial;

WHEREAS, the parties intend that this Consent Judgment shall not affect, resolve, or prejudice any claim or defense between Acuity, on the one hand, and any Defendant, on the other hand, in the above-captioned action;

NOW, THEREFORE, upon the stipulation and consent of Crossclaim Plaintiffs and Wombat, and the Court being duly advised in the premises, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. Judgment on liability is hereby entered in favor of Crossclaim Plaintiffs Riverdale Packaging Corporation and Lora Property Investments, LLC, and against Crossclaim Defendant Wombat Acquisitions, LLC, on Crossclaim Plaintiffs' claim for contractual indemnity (Crossclaim I). Wombat is liable to Riverdale and Lora for indemnification under the Agreement.

2. At times hereafter deemed desirable by Crossclaim Plaintiffs, Crossclaim Plaintiffs shall submit invoices to Wombat for attorneys' fees, costs, and other expenses incurred in this matter. Within thirty (30) days, Wombat shall either: (1) make payment to Crossclaim Plaintiffs; or (2) provide written objection to Crossclaim Plaintiffs of certain amounts that Wombat finds objectionable. In the event that Wombat objects to any amount, it shall make payment of all unobjected amounts as set forth above. In the event Crossclaim Plaintiffs and Wombat are unable to resolve any of Wombat's objections, those objections shall be resolved by the Court pursuant to a motion filed by either party, where the Court shall find whether the amount objected to comes within the indemnification provisions of the Agreement, and whether the amount is reasonable. The party prevailing on any such motion shall be entitled to an award of its attorneys' fees and costs incurred related to said motion. The parties specifically waive any right to a jury trial on the determination of damages under Crossclaim Plaintiffs' claim for contractual indemnity (Crossclaim I).

3. This Consent Judgment resolves only the issue of Wombat's liability on the contractual indemnity crossclaim. It does not adjudicate, and shall not be construed to affect, resolve, or prejudice, any claim or defense between Plaintiff Acuity and any Defendant. Crossclaim Plaintiffs' alternative claim for restitution (Crossclaim II) is dismissed with prejudice.

**SO ORDERED, ADJUDGED, AND DECREED.**

________________________________________

The Honorable Matthew T. Schelp
United States District Judge

**STIPULATED, CONSENTED TO, AND APPROVED AS TO FORM AND CONTENT:**

[ZRM Signature Block]

[J. Ott signature Block]